## O'Connell v. Taney.

1. Execution Sale of Judgment Debtor's Interest in Real Estate.— While under the statute every interest in land, whether legal or equitable, is subject to levy and sale on execution, and the purchaser of such interest may maintain an action to determine the extent thereof, yet the judgment creditor may resort to an action prior to the sale, for the purpose of having the debtor's interest determined, and the question of title settled in advance of the sale.

2. Husband and Wife May Contract with Each Other Concerning Real Estate.— In the absence of fraud the contracts of husband and wife in relation to real estate are as valid as if no marital relation existed between them. Either one may convey good title to the other by deed direct, and when they are jointly interested in land, the title of which is held in the name of one only, such one may be adjudged to hold the interest of the other in trust.

3. Complaint Against Wife as Trustee of Husband — Allegation of Insolvency Unnecessary.— In an action by a creditor of the husband against the wife, as trustee of the latter's interest in land held in her name, to compel a conveyance to the husband of his interest therein, in order that it may be subjected to the payment of his debts to the plaintiff, an allegation of the husband's insolvency is unnecessary.

*Appeal from Superior Court of the City of Denver.*

Messrs. Steele & Malone, for appellant.

Mr. L. C. Rockwell, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

As the amended complaint was filed by leave of court, it superseded the original, and need only be considered.

In this pleading Patrick Taney, appellee, as plaintiff, made John O'Connell, Katharine O'Connell, Jno. Sheehan,

Wm. C. Graves and J. F. Conroy defendants. It alleges that on the 30th day of June, 1885, plaintiff recovered a judgment in the superior court of the city of Denver against said defendant John O'Connell for the sum of $2,262.30 and costs of suit; that afterwards a transcript of said judgment was filed in the office of the clerk and recorder of Arapahoe county. That in March, A. D. 1885, execution was duly issued by the clerk of the court rendering said judgment, and delivered to the sheriff of Arapahoe county for execution; that said sheriff returned the same in April, 1886, *nulla bona*.

It is also averred that the said John O'Connell has no property interests, either real or personal, in the state of Colorado out of which said judgment or any portion of it could be made. That the action wherein said judgment was rendered in favor of the plaintiff was based upon a certain appeal bond signed by said John O'Connell as surety for one Michael Green. Under date of June 27, A. D. 1881, and immediately prior to said day and date, said John O'Connell had been working upon the Denver & Rio Grande Railroad in various capacities. While so engaged in said business he had made a large sum of money, to wit, not less than $8,000. That in October, 1881, he bought certain lots in the city of Denver with the money so earned, but had the deed for said property made to his wife; that in November he bought certain other lots, taking the deed in the same way; that in February, 1882, he purchased certain additional lots, causing these lots to be transferred to his wife. Plaintiff avers that Katharine O'Connell gave no consideration whatsoever for any part or portion of said premises so purchased, but that the whole consideration paid therefor was paid by her husband out of his own money and property.

The remaining portion of the complaint is taken up with reference to certain real estate situated in the state of Kansas, for which certain Denver property, not enumerated above, had been traded. There are allegations in this plead-

ing charging the defendants, Sheehan, Graves and Conroy, with conspiracy with the O'Connells to cover up the property in Kansas so as to hinder and delay the plaintiff in collecting his judgment, but as the court below held that it had no jurisdiction over the property in Kansas, it is unnecessary to further consider the allegations in this respect. Plaintiff demands judgment, *first*, that the said Katharine O'Connell be declared to be a trustee for said John O'Connell as to the lands described in the complaint; *second*, that she be required to convey said lands to her said husband, and that the same be sold to pay plaintiff's said judgment. The defendants Katharine O'Connell and John O'Connell each filed separate answers to this amended complaint. These answers contained, *inter alia*, specific denials of each allegation of the complaint. A replication was thereafter filed. The cause was tried to the court on December 10, 1885, without a jury. Upon the conclusion of the trial the cause was taken under advisement.

On March 5, 1885, certain findings of fact were made and a decree entered thereon. By the first of such findings all the equities were determined in favor of plaintiff, also that the judgment was duly entered in favor of plaintiff as alleged in the complaint. The court further finds that the said defendant John O'Connell was jointly interested with his wife, Katharine O'Connell, in boarding men working on the Rio Grande Railroad, and that they accumulated the sum of $8,000 in the enterprise, which went into the purchase of the property, the deed to which was taken in the name of the wife. That said John O'Connell had a certain interest in said property, which interest stood in the name of Katharine O'Connell, who was decreed to be a trustee holding said property for John O'Connell to the extent of his interest therein. The court being unable to find the extent of the interest of the said John O'Connell and Katharine O'Connell, respectively, in the premises, there being no evidence as to the amount of money earned and received by the said John O'Connell and Katharine O'Connell, re-

spectively, while they were in the employ of the said railroad company as aforesaid, ordered an accounting of these matters, and also of the moneys received by the parties as rents, issues and profits of the above described premises, situated in the said city of Denver, Arapahoe county, aforesaid.

As a result of such accounting the court, upon the 2d day of the following month of July, found that John O'Connell and Katharine O'Connell were equal owners in the property; and ordered appellant to pay appellee's claim within twenty days from the date of said decree. In default of such payment the said Katharine O'Connell was ordered to deed an undivided one-half of said property to John O'Connell in order that the same might be sold under execution to satisfy appellee's claim as aforesaid.

By section 83 of the General Statutes, every interest in land, whether legal or equitable, is made subject to levy and sale under execution. Under this provision appellee might have caused the execution issued upon the judgment in the case of *Taney v. O'Connell* to have been levied upon the latter's interest in the very property here in controversy, and had the same sold in satisfaction thereof. Had this course been pursued, the purchaser thereafter could have maintained an action for the purpose of having his interest in the premises determined.

The judgment creditor was not, however, compelled to resort to this mode of procedure. The action which he did institute might be pursued with at least equal propriety. Many reasons might be suggested in favor of the latter course. Until the interests of the judgment debtor in the property should be established by a court of competent jurisdiction, a sale of the undetermined interest would not be likely to result in any substantial diminution of the creditor's claim. Purchasers can rarely be induced to pay more than a nominal sum for an interest in property dependent upon a successful determination of a law-suit, with its usual uncertainties. In order that the best results may be at-

tained and the interest not sacrificed, prudence will usually dictate the settling of the title in advance of sale, as was attempted in this case.

It is claimed, however, that the decree of the court below cannot be maintained, for the reason that it is not alleged in the complaint that John O'Connell was insolvent at the time the legal title to this property was placed in his wife. If this were a suit to set aside the conveyances on the ground of fraud, in the interest of creditors, such an allegation would be necessary. But it is not such a suit; on the contrary, this action proceeds upon the theory that such conveyances were legal and valid. To defeat them for any reason would be to defeat the present action. It proceeds, and can only be successfully maintained, upon the ground that the husband has a resulting trust in the property, the legal title to which is in the wife. Under our law, husband and wife may deal in reference to property the same as though no marital relation existed between them. The husband may deed direct to the wife or the wife to the husband, and, in the absence of fraud, a good title may be conveyed.

As, in the absence of the marital relation, it is well established that where one has acquired title to property which in equity belongs to another, the party holding the legal title will in equity be declared a trustee and decreed to convey to the party equitably entitled thereto, so in this case the husband might have maintained an action for his interest in the very property in controversy. It is this interest that plaintiff is seeking to subject to the payment of his debts.

It is not claimed that this property was settled upon the wife in pursuance of any agreement, ante-nuptial or post-nuptial; or that it was conveyed as a gift from the husband, as in *Thomas v. Mackey*, 3 Colo. 390. And no allegation of insolvency at the time of the conveyance is necessary in order that the husband's interest may be subjected to the payment of his debts. *Gardner Bank v. Wheaton et al.*, 8 Me. 373.

As the judgment of the court below must be affirmed upon the merits, it is not necessary to determine whether or not the judgment was properly excepted to.

*Affirmed.*

MR. JUSTICE ELLIOTT did not participate in this decision.