## SCOTT v. MILLS.

1. EXEMPTIONS—STATUTORY CONSTRUCTION—MARRIED WOMEN..
The words "other person," used in the exemption statute as classify-
    ing the persons entitled to its benefits, are held to include married
    women engaged in business on their own account.
2. SAME.
By our statute, every disability which coverture had formerly imposed
    upon women concerning her own property and earnings has been
    removed.   With respect to her own property and business she has
    the full capacity and all the rights of a *feme sole*, including the
    statutory right of exemption of property from attachment and
    execution.
3. SAME—MARRIED WOMEN.
Statutory exemptions are available to a married woman.   She may have
    exemptions, although her husband also has them.

*Appeal from the County Court of Arapahoe County.*

Mr. ENOS MILES, for appellant.

Messrs. DOUD & FOWLER, for appellee.

THOMSON, J., delivered the opinion of the court.

The appellant was a married woman, living ·with her
husband, but doing business in her own name.   The appel-
lee, a creditor, brought suit against her to recover his debt,
and attached a horse used and kept by her for the purpose
of carrying on her business.   She claimed the animal as
exempt from seizure under the writ, and a trial of her claim
resulted in judgment against her, from which she appeals
to this court.

Our statute makes provision for exemptions in favor of two
classes of persons; namely, those who are heads of families,
and those who are not.   General Statutes, sec. 1865.   The
appellant was not the head of a family, and therefore does
not come within the first class, so that the provisions in favor

of that class have no application to her; and the only question argued and submitted to us for determination is whether she can properly be regarded as belonging to the second class. The provision entitling persons in this class to hold property exempt from attachment and execution is contained in the last clause of the section referred to, and is as follows :

" And provided also further, that the tools, implements, working animals, books and stock in trade, not exceeding three hundred dollars in value, of any mechanic, miner or other person not being the head of a family, used and kept for the purpose of carrying on his trade or business, shall be exempt from levy and sale on any execution or writ of attachment while such person is a *bona fide* resident of this state." Our supreme court has held that this subdivision, by the words " other person," would include a woman engaged in business in her own behalf. *Martin v. Bond,* 14 Colo. 466.

It is contended that this provision is not applicable to the appellant because she is a married woman,—a member of the family of which her husband is the head,—and that the only exemption, from which she is entitled to any benefit, is that provided in favor of her husband ; and if there were no special legislation in this state, changing the position formerly occupied by married women in relation to matters of business, we should find no difficulty in so deciding.

Our statute concerning married women contains the following sections :

" SEC. 2. Any married woman, while married, may bargain, sell and convey her personal property, and enter into any contracts in reference to the same as if she were sole."

" SEC. 3. Any woman may, while married sue and be sued, in all matters having relation to her property, person or reputation, in the same manner as if she were sole."

" SEC. 6. Any married woman may carry on any trade or business, and perform any labor or services, on her sole and separate account, and the earnings of any married woman, from her trade, business, labor or services, shall be her sole

and separate property, and may be used and invested by her in her own name; and she may sue and be sued as if sole, in regard to her trade, business, labor, services and earnings; and her property acquired by trade, business and services, and the proceeds thereof, may be taken on any execution against her." General Statutes, p. 695.

The question presented here has never, so far as we are aware, been authoritatively decided in this state, and we have not been able to find any decision outside to aid us in reaching a conclusion; but the sections quoted are so remarkably clear and explicit, and define the status of a married woman, owning property and doing business in her own name, with such precision, that we do not find any difficulty whatever in defining the position to which she is entitled in relation to the exemption law. It was the manifest intention of the legislature to remove every disability which coverture had formerly imposed upon her, so far as her own property and earnings are concerned. As to these the statute places her upon precisely the same footing with a *feme sole*. She may make contracts in reference to her property, carry on a trade or business, and perform labor and services, on her own account, sue and be sued in matters pertaining to her property or business as if she were sole; and her property and its proceeds may be taken in execution against her. In these matters she is in the eye of the law, to all intents and purposes, sole. It certainly was not the intention of the legislature to place her in a worse position than if she were unmarried,—to invite her to incur liabilities as if she were sole, but withhold from her the protection extended to unmarried persons. On the contrary, it is entirely clear to us that with reference to the matters specified it was the intention to clothe her with the full capacity and all the rights of a *feme sole*; and among these rights is the statutory one of the exemption of property from attachment and execution.

In *Wells v. Caywood*, 3 Colo. 487, Chief Justice Thatcher, commenting upon this statute, said: "This is, essentially, an enabling statute, and as such must be liberally construed

to effectuate the purpose of its enactment. It confers, in terms, enlarged rights and powers upon married women. In contemplation of this statute, whatever may be the actual fact, a *feme covert* is no longer *sub potestate viri* in respect to the acquisition, enjoyment and disposition of real and personal property. This statute asserts her individuality, and emancipates her, in the respects within its purview, from the condition of thraldom in which she was placed by the common law. The legal theoretical unity of husband and wife is severed so far as is necessary to carry out the declared will of the lawmaking power. With her own property she, as any other individual who is *sui juris*, can do what she will, without reference to any restraints or disabilities of coverture. Whatever incidents, privileges and profits attach to the dominion of property, when exercised by others, attach to it in her hands."

The question before us was not involved in that case, but the facts which gave rise to the controversy make some construction of the statute necessary ; and the language quoted is the opinion of the supreme court, expressed in a general way, upon the effect which should be given to the law. It contains a statement of principles which are applicable to this, or any other case, in which the rights of a married woman, in relation to her separate property are involved. These are, first, that the legal theoretical unity of the husband and wife are, for the purpose of giving effect to the law, severed ; and, second, that every incident and privilege attaching to the dominion of property in the hands of any other person attaches to it in hers. The right to claim the benefit of the exemption law is both an incident and a privilege, and she is entitled to assert the right in the manner, and to the extent, provided in the case of any person not the head of a family.

The argument of counsel in opposition to the exemption in this case is that the husband is entitled to one exemption as the head of the family, and, if the claim in controversy were allowed, the effect would be to give the same family

two rights of exemption,—one to the husband because he is the head, and one to the wife because she is not the head,—thus practically perverting the purpose of the statute.

But this argument confounds the position occupied by the wife as a member of her husband's family in virtue of the marital relations existing between them, and her position as the owner of separate property and the proprietor of a business belonging to herself alone.   As a wife merely, she would be entitled to no exemption, for the reason that she is a member of a family of which her husband is the head, and the only right of exemption in favor of a family is that which may be asserted by its head.   But in matters pertaining to her property and business, she is not to be regarded as a member of her husband's family.   She is a person as separate and distinct from him as if she were unmarried.   As Chief Justice Thatcher expressed it, the unity of the two is severed. They are in effect strangers.   Therefore an exemption in his favor upon an attachment or execution against him, and an exemption in her favor of her separate property upon an attachment or execution against her, does not constitute what counsel term a " multiplication of exemptions " in the same family.

The fact that the appellant was carrying on a business on her sole and separate account, and that the horse in question belonged to her, and was used and kept by her for the purposes of her business, was established beyond cavil; and for the reasons set forth in this opinion the judgment must be reversed.

*Reversed.*