ANNA FRANKEL *vs.* SIMON FRANKEL.

Suffolk.    December 6, 1898. — April 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Husband and Wife — Equity — Fraud and Coercion — Decree — Contempt.*

A bill in equity may be maintained by a wife against her husband to recover her separate property obtained from her by his fraud and coercion.

The contention of a husband that, if he should be imprisoned for contempt for failing to comply with a decree of court ordering him to return money obtained from his wife by fraud and coercion, the effect would be to punish him for something for which he could not be punished in any other way and which would not be a crime, cannot avail, as the object of proceedings for contempt would be to compel obedience on his part to the decree of the court, and not to punish him as for a crime or a violation of law.

BILL IN EQUITY, brought in the Superior Court by a wife through her next friend against her husband, alleging that by fraud and coercion he obtained her money and was about to squander it. The answer of the husband was that his wife gave him the money to pay his debts with, and that he had paid them. The judge found that the husband had obtained a part of the money by fraud and coercion, and a decree was entered ordering him to return it; and the defendant appealed to this court.

The defendant objected to the decree for the reason that, if it could be made, it could be enforced by proceedings in contempt, and by imprisonment if necessary; that it is not a crime for a man to defraud his wife of her money, and he cannot be punished criminally for so doing; and that this decree, if enforced, would constitute an equitable method of punishing a man for that which the criminal law does not recognize.

*S. C. Brackett*, for the defendant.

*M. L. Lourie*, for the plaintiff.

MORTON, J. The property which the plaintiff seeks to recover is her separate property, and was obtained from her, as the court has found, by the fraud and coercion of her husband. She cannot maintain an action at law against him, (Pub. Sts. c. 147, § 7,) and unless this bill can be maintained she will be without a remedy. That of itself is not a sufficient reason for a decree in her favor, but we think that she is entitled to the relief which she seeks. The section referred to above does not forbid suits between husband and wife, but simply provides that it shall not be construed to authorize them. It would seem, therefore, that equitable remedies may be availed of as before between husband and wife in cases where they apply. See *Butler* v. *Butler*, 16 Q. B. D. 374. Indeed, it would be strange if in the matter of equitable remedies the rights of married women have been restricted when in other respects they have been so much enlarged. Suits between husband and wife in respect to her separate estate, or matters growing out of ante-nuptial or post-nuptial contracts in marriage settlements or property held in trust for the wife's benefit form a well established head of equitable jurisdiction. *Ayer* v. *Ayer*, 16 Pick. 327. *Scott* v. *Rand*, 115 Mass. 104. *Fowle* v. *Torrey*, 135 Mass. 87. *Butler* v. *Butler*, *ubi supra*,

*Healey* v. *Healey*, 3 Dick. 239. Story, Eq. Jur. (10th ed.) §§ 1366 *et seq.* In the present case, the judge may have found, and we assume that he did find, that the defendant received the money from his wife in trust to put it in a bank for her. If he had invested it in land in his own name, he would have held the title for her. It did not alter the case that instead he put the money in bank in his own name. In *Lombard* v. *Morse*, 155 Mass. 136, it was held that a husband could maintain a bill in equity against his wife to recover property which she had obtained from him ·by fraud shortly before and in contemplation of marriage. And in *Fry* v. *Fry*, 7 Paige, 461, referred to in *Lombard* v. *Morse*, a conveyance from the wife to the husband after marriage was set aside on the ground that it was improperly obtained by him by taking advantage of her ignorance of her rights, and her confidence in him. See *Stiles* v. *Stiles*, 14 Mich. 72, also referred to in *Lombard* v. *Morse*.

The decree orders the return of the money, and the defendant contends that, if he should be imprisoned for contempt for failing to comply with it, the effect would be to punish him for something for which he could not be punished in any other way and which would not be a crime. But the object of proceedings for contempt would be to compel obedience on the part of the defendant to the decree of the court, and not to punish him as for a crime or a violation of law. Any penalty that might be imposed would be coercive in its character, and not in any just sense a punishment. The proceedings would not therefore be open to the objection urged by the defendant. *People* v. *Court of Oyer & Terminer*, 101 N. Y. 245.

The result is that the decree must be affirmed.

*So ordered.*