[No. 5678.]

## ROBISON v. GUMAER ET AL.

1. **Real Property—Judgment—Lien—Issue of Execution.**

    In Colorado, save in the federal court, a judgment does not of itself constitute a lien upon realty of a judgment debtor even in the county where it is rendered, nor does the issue of execution create such a lien.—P. 312.

2. **Creditors' Suit—Conditions Precedent.**

    A mere general judgment creditor cannot maintain a creditor's suit to reach real property appearing in the name of the judgment debtor's wife subject to a resulting trust in his favor,

without first obtaining a specific lien upon the judgment debtor's interest in the real estate, either by levy of an execution thereon if the realty can be identified, or by filing a transcript of his judgment in the office of the clerk and recorder of the county where the property is situate, thus securing a statutory lien binding the debtor's interest in realty for six years from the date of judgment, or by attachment of the realty before judgment, and omission to emerge the attachment lien through levy of execution or filing of the judgment transcript; and this is equally true where the debtor's interest in the property constitutes a constructive trust, or where it is otherwise of such a nature that execution or other process at law is insufficient.— P. 313.

*Error to the District Court of Fremont County. Hon. Morton S. Bailey, Judge.*

Action by Lyman Robison against A. R. Gumaer and E. L. Gumaer. From a judgment of dismissal on demurrer, plaintiff brings error.     *Affirmed.*

Mr. A. L. TAYLOR and Mr. J. L. COOPER, for plaintiff in error.

Mr. JAMES T. LOCKE, for defendants in error.

Mr. JUSTICE HELM delivered the opinion of the court:

This action is in the nature of a creditor's bill. It is brought for the purpose of subjecting certain real estate to the payment of plaintiff's judgment. That judgment was obtained against defendant A. R. Gumaer; but the property through which satisfaction is sought appears of record in the name of defendant E. L. Gumaer, his wife.

The complaint, among other things, alleges that this property was purchased with funds belonging exclusively to A. R. Gumaer, the title thereto, however, being taken in the name of his said wife; that there was no consideration from her for the property; and that she holds the title in trust for the sole

use and benefit of her husband. The complaint also alleges the issue of certain executions upon the judgment, and the return thereof *nulla bona;* such issue and return being several years prior to the filing of the complaint.

The foregoing statement is sufficient for the purposes of the present opinion. Defendants demurred to the complaint on the ground that it failed to state a cause of action, and also on the further ground that upon the face thereof the alleged cause of action appeared to be barred by two of our limitation statutes.

The court sustained this demurrer and, plaintiff declining to amend, judgment was rendered dismissing the action.

The facts pleaded by plaintiff and admitted by the demurrer show a resulting trust in the property described, in favor of the judgment debtor A. R. Gumaer. And under proper circumstances such equitable interest might by this form of proceeding be determined and subjected to the payment of plaintiff's judgment.

The printed arguments are mainly devoted to a discussion of the statutes of limitation. But we deem it unnecessary to consider these arguments or pass upon the applicability of those statutes. For the finding and judgment of the court below must be sustained upon the other branch of the demurrer.

Some authorities hold that such a creditor's bill as the one before us may be maintained by a mere judgment creditor; but in this state it is otherwise. With us, save in the federal court, the judgment does not itself alone constitute a lien upon the realty of the judgment debtor even in the county where it is rendered; nor does the issue of execution create such lien save upon personality. The doctrine has become thoroughly established that a mere general

judgment creditor may not maintain this proceeding in connection with real estate. That is to say, it is not sufficient in this respect for plaintiff in cases like the present to simply allege and prove the existence of his judgment together with the issue of execution thereon and return thereof *nulla bona.* He is required to go a step further and procure a specific lien upon the interest of the judgment debtor in the real estate by means of which he seeks satisfaction. This he may do in at least three ways, viz.: by levy of an execution thereon in the manner provided by law if, as in this case, the realty can be identified; by filing a transcript of his judgment in the office of the clerk and recorder of the county wherein the property is situate, and thus securing a statutory lien which binds all interest in realty then owned or afterwards acquired by the judgment debtor during the period of six years from entry of the judgment; or by attachment of realty before judgment and omission to merge the attachment lien through levy of execution or filing of the judgment transcript. Until he has acquired a specific lien in one of these methods or by some other method, if such other method there be, he is not in position to invoke relief through a creditor's bill in cases like the present. And this is true where the judgment debtor's interest in the property exists in the form of a resulting trust as well as where it constitutes a constructive trust, or where it is of such a nature otherwise that execution or other process at law is insufficient.

"The doctrine established by the authorities is that the judgment must be a lien on the real estate sought to be subjected to sale on execution through the aid of a creditor's bill."—*Barnes v. Beighly,* 9 Colo. 479.

"In cases like the present it is requisite that the judgment shall be made a lien upon the property

which is to be subjected to it. Where the writ is thus operative the lien may possibly be acquired by the execution, but otherwise the judgment must be either a lien under the statute when entered, or must be made one by the taking of those steps which the statute points out. That in some way the lien must be acquired and exist at the time the bill is filed, is clearly settled."—*Arnett v. Coffey,* 1 Colo. App. 38; *Dunklee v. Rose,* 12 Colo. App. 424; *Stephens v. Parvin,* 33 Colo. 63; *Fox v. Lipe,* 14 Colo. App. 261.

The case of *O'Connell v. Taney,* 16 Colo. 353, is more nearly analogous in its facts to the case at bar than any of the other decisions by this court or by the court of appeals. And greater reliance is placed thereon by counsel for plaintiff in error than upon any of the other authorities cited. But the complaint in that case alleged, and the evidence taken at the trial showed, that a specific lien was obtained by the prompt filing of a transcript of the judgment in the office of the clerk and recorder of the proper county.

This view of the law seems to be somewhat technical, but it rests upon substantial grounds. It is in harmony with the general principle requiring all legal means to be invoked before an appeal is made to equity. Again, the enforcement of this class of liens is a matter within the peculiar province of equitable jurisdiction. And, finally, under our statute the advantage of a lien upon real estate may be obtained in every case where the maintenance of a judgment creditor's bill would be possible in connection therewith.

By this statute all interests of the judgment debtor in realty are expressly made subject to execution levy and sale; such interests may be legal or equitable; they may be in the form of a resulting trust, a constructive trust, a vendor's lien, a leasehold estate, etc. In a pure creditor's bill the specific

real estate through which satisfaction of the judgment is sought must be pointed out and the alleged interest of the judgment creditor therein must be specified. Hence, the same knowledge or information that would enable the judgment creditor to institute this proceeding would also enable him to make a valid levy of his execution and thus obtain a lien upon the realty mentioned. With us the sheriff perfects such levy by filing with the county clerk and recorder the statutory notice.

Therefore, not only is it unnecessary to adopt the procedure existing formerly in cases of this kind in the absence of a specific lien, but it is doubtful if such procedure could be invoked at all. In general, to maintain such a suit the issue of an execution and return thereof unsatisfied in whole or in part, is a necessary averment; without such averment the complaint or bill would be fatally defective. But under the statute last above mentioned this averment could not truthfully be made in a case like the one at bar; for, as already observed, information sufficient to identify the real estate for the purposes of a creditor's bill would also enable the judgment creditor to perfect the levy of his execution thereon and thus preclude a return thereof *nulla bona.*

Having made such levy he might at once advertise and sell the property; and the purchaser at such sale might then proceed in equity to determine the interest so purchased. But the institution of an action in the nature of a creditor's bill immediately after the levy and the determination of such interest before the sale is for obvious reasons preferable. Such procedure is decidedly to the interest of the judgment debtor, because it tends to avoid the sacrifice almost necessarily suffered through the sale of a clouded and uncertain title to or interest in real property.—*O'Connell v. Taney, supra.*

Under the circumstances it is no great hardship to require that the judgment creditor, before soliciting this kind of equitable relief, obtain a lien pursuant to one of the methods provided. It is sufficient, however, to say that the question is *stare decisis* in this state. The judgment of the district court must be affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.