[No. 5584.],
[No. 3262 C. A.]

## TUTTLE v. SHUTTS.

1.  **Husband and Wife — Contracts Between — Validity — Public Policy.**

Under Mills' Ann. Stats., c. 83, removing every disability which coverture formerly imposed upon married women so far as their separate property and earnings are concerned, a contract between a husband and wife, whereby the wife reserves to herself the earnings of her labor performed for her husband in matters apart from her domestic duties pertaining strictly to the household and the family, may be entered into by the wife as if she were sole, and for this reason such contract cannot be held to be against public policy.—P. 537.

2.  **Witnesses—Impeachment—Credibility.**

Evidence which directly attacks the credibility of a witness is properly admitted for the adverse party.—P. 537.

3.  **Appellate Practice—Verdict—Sufficiency of Evidence.**

Where there is competent evidence to sustain the verdict, it will not be disturbed on appeal.—P. 538.

*Appeal from the County Court of Saguache County. Hon. O. D. Bryan, Judge.*

Replevin by Mary J. Shutts against Watson B. Tuttle. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. C. M. CORLETT, for appellant.

Mr. JAMES P. VEERKAMP, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an action in replevin, to recover possession of a cooking-stove, value about $25.

Two jury trials in the courts below resulted in verdicts and judgments in favor of appellee. To reverse the judgment of the county court, entered upon the verdict of a jury, is this appeal.

The only issue involved, as shown by the evidence found in the abstract, is appellee's ownership of the property. To maintain this issue, appellee testified that while she was the wife of George F. Shutts and living with him as such, her husband, who was at that time running a threshing outfit, agreed with her that if she would do the cooking for the outfit, she should have the stove in controversy; that under this agreement appellee left her home and accompanied the threshing outfit in its travels around the country and did the cooking for the same, and in every way complied with the contract which she had entered into with her husband.

Testimony was also introduced tending to prove that the husband had stated to several witnesses that the stove was the property of his wife.

It appears from the evidence that, subsequent to the time when appellee acted as cook for the threshing outfit, the husband and wife disagreed and separated, appellee leaving the home of the husband and taking with her at that time a portion of the property belonging to her, including articles of domestic furniture, but did not take the stove in question.

Appellant claimed the stove under a bill of sale made by the husband to the brother of the husband, and by the brother delivered to appellant in satisfaction of a debt of the husband's. This bill of sale does not appear in the abstract of record, and we are unadvised as to its import.

The proposition principally relied upon for a reversal of the judgment of the court below is that a contract between husband and wife, by which the

husband agrees to pay the wife for services of the character indicated by the testimony in this case, is against public policy and void. The argument is that the husband is entitled to the services of his wife, so far as the same relate to domestic affairs.

Without deciding the question, the testimony in this case clearly discloses that the services performed by appellee for the husband were not domestic services as such, but were performed away from the home; and if they had not been performed by appellee, it would have been necessary for the husband to have employed some one to perform the same.

The authorities cited by counsel for appellant in support of his argument have been scrutinized with care, and are not in point, by reason of the fact that the relations existing between husband and wife under the statutes of this state are different from those in the authorities cited. Chapter 83, Mills' Ann. Stats., "Married Women," removed every disability which coverture had formerly imposed upon married women, so far as their separate property and earnings are concerned. The statute places the married woman upon precisely the same footing with a *femme sole,* as to all matters relating to her separate property and earnings; she may make contracts, perform labor and services on her own account, sue and be sued with reference to her separate property, business and earnings, as if she were sole. Under the statutes husband and wife may deal with reference to property the same as though no marital relation existed between them; the husband may deed direct to the wife, and the wife direct to the husband, and in the absence of fraud a good title will be conveyed. The married woman is permitted to deal with her husband in all that pertains to her separate property, business and earnings as if she were sole.— *O'Connell v. Taney,* 16 Colo. 353, 358; *Kellogg v.*

*Kellogg,* 21 Colo. 181, 185; *Rose v. Otis,* 18 Colo. 59, 60; *Scott v. Mills,* 7 Colo. App. 155, 159; *Stramann v. Scheeren,* 7 Colo. App. 1, 16.

*Schuler v. Henry,* 42 Colo. 367, is the latest announcement of this court defining the relation of husband and wife under our statutes. After considering the status of a married woman at common law, the opinion proceeds:

"By our statute there is a complete change in all this; and the Colorado wife is not wife as at common law, but is vested with absolute control and dominion over her property and her person. She may sue and be sued as though she were sole; she may engage in business on her own account; she may sell and convey her property without the consent of her husband. Her property is not liable for her husband's debts. She is entitled to the earnings of her labor."

Under the above authorities, a contract between the husband and wife, by which the wife reserves to herself the earnings of her labor performed for her husband, in matters apart from the domestic duties of the wife pertaining strictly to the household and the family, may be entered into by the wife as if she were sole, and for this reason such contract cannot be held to be against public policy.

Instruction 2, given by the court to the jury, correctly stated the law of the case as above outlined and is not subject to the objection urged here against it. There was no error in the ruling of the court in admitting the testimony of the witness Wellman, for the reason that such testimony directly attacked the credibility of a witness who had testified in behalf of appellant.

Other objections urged by appellant are without merit, for the reason that they question the sufficiency of the evidence to support the judgment. Under the

well-settled rule of this court, where there is sufficient competent evidence to sustain the verdict, the verdict will not be disturbed.

There being no error in the record, the judgment will be affirmed.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.