[No. 6483.]

DICKINSON v. DICKINSON.

</div>

1. Husband and Wife—Right of the Wife in the Acquisitions of the Husband During Coverture—The wife has no such interest in the property acquired by the husband, during the matrimonial relation, as entitles her to an action, the sole purpose of which is to secure a division of such property. No such action will be entertained, either during the coverture or after the marriage relation is dissolved.—(235)

2. Writ of Error—Judgment—Where the complaint states no cause of action, and no amendment can supply its defects, a judgment for plaintiff will be reversed, and the court below directed to dismiss the action.—(235)

*Appeal from Garfield District Court*—Hon. JOHN P. SHUMATE, Judge.

Mr. C. W. DARROW for appellant.

Mr. JAMES C. GENTRY for appellee.

The parties to this appeal were married in July, 1893. In December, 1905, they were divorced by decree of the county court of Garfield County, in an action instituted by the husband. In this suit, the wife appeared and filed an answer, admitting the

averments of the complaint. Previous to the trial of the divorce proceedings, the parties entered into a written contract, whereby the husband contracted to pay the wife one thousand dollars, which it was agreed should be in full of any claim or demand for support, dower, alimony, suit money, attorneys' fees, and all claims of every kind whatsoever, save certain exceptions not material to any question involved. Later, the divorce case was tried, and a decree rendered dissolving the bonds of matrimony between them. The decree made no mention of alimony whatever. The thousand dollars was subsequently paid, as agreed.

On November 21st, 1906, the appellee brought suit against appellant. Without entering into details, it is sufficient to say that the purpose of this action, as disclosed by the averments of the complaint, was to obtain an accounting of the property held by the defendant at the time the decree of divorce was obtained, and that she be decreed an one-half interest therein, or, in lieu thereof, have a judgment for the value of such interest in cash. It was charged in the complaint that the defendant had procured the divorce wrongfully and unlawfully, but it is silent as to what acts he committed from which this legal conclusion is deduced. There are, possibly, some averments in the complaint from which, standing alone, it might be inferred that the property in which she claimed an interest was the joint property of the parties; but, taken as a whole, it is very clear that the property which she makes the subject-matter of the action is that which the defendant accumulated during the period the marital relations existed between the parties.

The defendant filed a general demurrer which was overruled. Thereafter he answered, in which he set up, so far as material to consider, the plead-

ings in the divorce proceedings, the decree, the contract above referred to, and the payment of the thousand dollars therein provided for. To this answer, plaintiff filed a replication, in which she averred that the answer in the divorce case was secured by duress; that, in that case, she was misled by the defendant, and, by reason of threats, promises, deception, and undue influence, was induced to submit to the jurisdiction of the county court, and that the contract of settlement set out in the answer of the defendant was obtained by duress and false and fraudulent representations. She admits receiving the thousand dollars, but only as a credit upon the amount which she claims the defendant was owing her.

The defendant then filed a motion for judgment on the pleadings, which was denied. Thereafter, the case was tried before a jury. To the latter, the court submitted certain interrogatories, from which it appears, beyond dispute, that the case was tried upon the theory by both parties, and was understood by the court, that it was an action to recover a judgment against the defendant for half his net worth at the time the decree of divorce was granted. Evidently this theory was upheld by the court as being tenable, from other interrogatories propounded to the jury, and answered by them, to the effect that the contract purporting to adjust property rights between the parties, signed by them before the decree of divorce was rendered, was obtained from the plaintiff by the defendant, wrongfully, by duress, false representations, and undue influence, or in such circumstances that she was not bound thereby.

The jury returned a verdict in favor of plaintiff in the sum of $3,850.00, which, from the special findings, appears to be one-half of the net worth of the defendant at the time the divorce decree was en-

tered, after giving him credit for the thousand dollars paid under the contract. From a judgment on this verdict, the defendant has appealed.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The parties are divorced. It is not sought to annul the decree in the divorce case. Counsel for plaintiff frankly admits in his brief that she is not seeking alimony. His contention is, that she is entitled to a share of the defendant's property, solely because it was acquired by the defendant during the period the marriage relation existed between them, without regard to the divorce proceedings. This is not tenable. The property acquired by the defendant during the period he was married to plaintiff belonged to him. Plaintiff had no such interest in this property as would invest her with the right to maintain an action, the sole purpose of which was to secure any part of it, either during coverture or after the marriage relation had been dissolved. For her own individual property which the defendant has, if any, plaintiff might maintain an action. The pleadings on her part, however, are not framed on this theory, and it is, therefore, unnecessary to express any opinion on this subject. The sole purpose of the action by plaintiff, as we have said, being to recover from the defendant a share of the property acquired by him during the period he was married to the plaintiff, or, in lieu thereof, a judgment for such value, the judgment of the district court must be reversed, and the cause remanded with directions to dismiss the action, and it is so ordered.

*Reversed and remanded,*
*with directions.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.