[No. 8741.]

## WHYMAN v. JOHNSTON ET AL.

1. HUSBAND AND WIFE—*Unity of.* The legal fiction that the husband and wife are one no longer exists.

2. ——*The Estate by Entireties* is abolished by our statute.

*Error to Boulder District Court.* Hon. NIEL F. GRAHAM, Judge.

Mr. E. T. WELLS, Mr. H. E. ROWLAND, for plaintiff in error.

Mr. BERT MARTIN, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

Action by defendants in error as petitioners, to partition certain real estate in the city of Boulder. In August, 1883, Benjamin and Sarah Woodbury, being then husband and wife, purchased from one Culver, and by deed of that date, he conveyed to them the premises in question without any statement in the deed as to what their tenancy should be. In October, 1909, she died leaving certain heirs and in January, 1910, he died leaving other heirs. Both died intestate. Respondent answered claiming that Woodbury and his wife were seized of an estate as tenants in entirety and upon her death that the estate passed in entirety to him and upon his death intestate, descended to his heirs. Petitioners below, defendants in error here, claim that the conveyance to Woodbury and his wife vested in each an undivided one-half interest in the estate as tenants in common; that estates in entirety no longer exist in Colorado except by express words showing such an intention. The court held with petitioners' contention, sustained a demurrer to the answer and partitioned the premises as prayed. Respondent brings the case here for review.

The only question involved is whether the deed from Culver conveyed separate estates to Woodbury and his wife as tenants in common, or whether they took the estate by entireties.

1.   Under the common law of England, from which estates by entireties sprang, husband and wife in legal contemplation constituted but one person.   They were merged by marriage into one legal entity or personalty and plurality of persons was not recognized.   The wife had no legal existence; during marriage her identity was incorporated in that of her husband and in the eye of the law they constituted but one person and he represented the person.   She was incapable of making a contract, since they constituted but one person, and as it took two to make a contract, all contracts between husband and wife and all sales and conveyances between them were absolutely void.   This unity of person gave to the husband substantially all the property of the wife, which he could mortgage, sell or dispose of at will.   She had nothing whatever to say about it; it was liable for the payment of his debts and passed at his death to his estate.   Even her personal earnings belonged to him and if she bought land with such earnings, it was his.   In short, at common law, the wife's separate independent existence was lost; she could neither sue nor be sued.

This common law disability affecting the property rights of the wife has been changed by our statute.   Now, in carrying on business and acquiring and disposing of property, real and personal, during marriage, she is as distinct and independent from her husband as others, or as though the marriage relation did not exist.   Our statute provides:   That the property which any married woman may own at the time of her marriage, or which shall come to her by descent, devise, bequest or gift, and the rents, profits, issues and proceeds therefrom, shall

be her sole and separate property, notwithstanding her marriage and shall not be subject to the disposal of her husband or liable for his debts. She may now carry on any trade or business in her own name or perform any labor or services on her sole and separate account, and the earnings from her trade, business, labor or services are her sole and separate property and estate which she may use or invest in her own name. She may upon her own account and in her own name contract debts, execute promissory notes, bills of exchange, or other written instruments and enter into any contract or business the same as if she were sole. She may bargain for and sell and convey real and personal property and enter into any contract in reference to it with her husband or others, and her husband is not required to unite with her in the execution of a deed. She may sue and be sued in all matters the same as if she were sole and any judgment, order or decree pronounced against her may be enforced by execution upon her separate property.

This statute abrogates the rule of the common law and gives to the wife a separate and distinct independent existence from that of her husband in their relative property rights. The fiction of one legal personality no longer exists. They now stand upon an equality in the acquisition, ownership and conveyance of property and she can now acquire and convey real estate as though the marriage relation did not exist.

Under the common law, because husband and wife were considered as one person, they could not acquire or hold real property as tenants in common, as such a tenancy requires more than one tenant. A special estate was therefore created, covering conveyances to husband and wife, designated as an "estate by entireties." Such estates are not based upon any intention of the parties, but on the common law doctrine of the oneness of hus-

band and wife and their incapacity to take by moieties or separate estates. Though the words were used advisedly in the grant for the purpose of creating a tenancy in common, the intent of the parties could not prevail against the doctrine of the common law that husband and wife were incompetent to take as tenants in common under any form of grant made to them during coverture. This common law rule cannot be reconciled with our statute which has changed the relative property rights of husband and wife. Had Benjamin and Sarah Woodbury not been husband and wife, it is conceded they would have taken by moieties and been tenants in common; but it is contended that the rule of the common law constituting them tenants in entirety has not been changed or suspended by the statute respecting the separate acquisition and ownership of property by married women. Estates by entirety are based upon the marital relation—the unity of husband and wife. At common law substantially all the wife's property was vested in the husband and they could have no conflicting or separate property rights. Now the statute secures to her, independent from her husband, a distinct and separate right to acquire and convey any kind of property. This is a radical change in the relative property rights of husband and wife from the common law. Under the statute the deed from Culver created the same estate in the parties that it would have done had it been made to them before marriage. They took the estate, not by entireties, but by distinct and several titles and each owned an undivided one-half interest. The reason of the common law was founded on their incapacity to take such an estate. The statute confers upon the wife capacity to take and dispose of real property free from any restraint and the reason of the common law rule has ceased to exist.— *Wells v. Caywood,* 3 Colo. 487; *Robinson's Appeal,* 88

Me. 17, 33 Atl. 652, 30 L. R. A. 331; *Cooper v. Cooper,* 76 Ill. 57; *Mittel v. Karl,* 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655; *Clark v. Clark,* 56 N. H. 105, 110; *Hoffman v. Stigers,* 28 Ia. 302; *Walthall v. Goree,* 36 Ala. 728; *Donegan v. Donegan,* 103 Ala. 488, 15 So. 823, 49 Am. St. 53; *Whittlesey v. Fuller,* 11 Conn. 337; *Meeker v. Wright,* 76 N. Y. 262; *Wilson v. Fleming,* 13 O. 68; *Penn v. Cox.* 16 O. 30. See also dissenting opinion of Chief Justice Horton in *Baker v. Stewart,* 40 Kas. 454, 19 Pac. 904, 2 L. R. A. 434, 10 Am. St. 214.

The wife now has during marriage the same right to acquire and dispose of property as her husband and the deed to Benjamin and Sarah Woodbury vested the estate in them in the same manner as if they had not been married. The judgment of the lower court is affirmed.

*Affirmed.*

CHIEF JUSTICE WHITE and Mr. JUSTICE SCOTT concur.