No. 12,566.

HEDLUND *v.* HEDLUND.
(290 Pac. 285)

Decided July 7, 1930.

Mr. John Horne Chiles, Mr. Jacob L. Sherman, for plaintiff in error.

Mr. John G. Reid, Mr. Charles H. Haines, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Cora R. Hedlund seeks the reversal of a judgment recovered against her by her husband, Arthur L. Hedlund. The husband will be referred to as the plaintiff, and the wife as the defendant.

The plaintiff and the defendant were married in 1912. The plaintiff was employed at Hugo, in this state, by a railroad company. In 1921 he was transferred to Denver, and in 1922 he was transferred to Columbus, Nebraska, where he now resides. The defendant remained at all times in Hugo, where she now resides. From time to time the plaintiff handed or sent to the defendant various sums of money with which to pay the family expenses, the surplus to be invested for the plaintiff. He alleges that she invested the surplus in securities, which she refuses to deliver or account for to him, and that she commingled with her own earnings moneys thus delivered to her by the plaintiff, and kept no separate accounts thereof. The plaintiff owned a house and lot, the house being furnished, the plaintiff alleges, with his money. There were negotiations for the sale of the house and lot, and, at the defendant's request, the plaintiff executed and sent to the defendant a deed with the space for the purchaser's name left blank, so that the defendant could insert the grantee's name. The deal fell through, however, and the defendant, without the consent of the plaintiff,

he alleges, inserted her own name in the deed as grantee, and filed the deed for record. The plaintiff also alleges that the defendant is withholding from him an insurance policy belonging to him. He prays for an accounting, and "a fair and equitable division of the accumulations of the parties." The defendant says that all the money that she received from the plaintiff she used for family expenses and in the necessary support and maintenance of their family; that she inserted her name in the deed as grantee at the request of the plaintiff; that he gave her the house and lot; that the furniture was purchased principally with her own money and partly with money belonging to the "common fund."

The decree ordered the defendant to convey the house and lot to the plaintiff and to surrender possession thereof to him, and to surrender the insurance policy to the plaintiff. It also ordered an equal division of the furniture purchased since the marriage. The rest of the property, i. e., "warrants, moneys and loans," claimed by the plaintiff was decreed to be the property of the defendant. The property decreed to be the property of the plaintiff was procured by him with money earned by him after his marriage to the defendant.

Counsel for the defendant contend "that a wife or husband cannot maintain an action either at law or in equity to recover property acquired during the marriage relation." Their argument is based upon two mistaken assumptions.

First, it is assumed that the common law fiction that husband and wife are one, still persists in this state. In *Whyman v. Johnston,* 62 Colo. 461, 163 Pac. 76, we said that the fiction of one legal personality no longer exists. One has but to read the statutes of the state and the decisions of this court and of the Court of Appeals to realize that in the present state of the law the so-called unity of husband and wife is a mere figure of speech no longer having any practical significance. C. L., c. 125; *Wells v. Caywood,* 3 Colo. 487; *Coon v. Rigden,* 4 Colo. 275;

*Palmer v. Hanna,* 6 Colo. 55; *Colorado Central R. Co. v. Allen,* 13 Colo. 229, 22 Pac. 605; *O'Connell v. Taney,* 16 Colo. 353, 27 Pac. 888; *Schuler v. Henry,* 42 Colo. 367, 94 Pac. 360, 14 L. R. A. (N. S.) 1009; *Tuttle v. Shutts,* 43 Colo. 534, 96 Pac. 260; *Dickinson v. Dickinson,* 50 Colo. 232, 114 Pac. 652; *Button v. Higgins,* 5 Colo. App. 167, 38 Pac. 390; *Stramann v. Scheeren,* 7 Colo. App. 1, 42 Pac. 191; *Scott v. Mills,* 7 Colo. App. 155, 42 Pac. 1021.

■ While it is admitted by counsel for the defendant that either spouse may sue the other to protect the separate property rights of the one suing, they assume that property acquired by a spouse during the marriage relation is not, and cannot be, the separate property of the one acquiring it. This is a mistake. C. L. §5576. The property adjudged to belong to the plaintiff in this case was his separate property. *Dickinson v. Dickinson,* 50 Colo. 232, 235, 114 Pac. 652.

■ The plaintiff had a right to sue for and recover the property adjudged to him. *Meldrum v. Meldrum,* 15 Colo. 478, 24 Pac. 1083; *Stone v. Wood,* 85 Ill. 603; *Devoe v. Lutz,* 133 App. Div. (N. Y.) 356; *Cram v. Cram,* 262 Mass. 509, 160 N. E. 337; *Bible v. Marshall,* 103 Tenn. 324, 52 S. W. 1077; *Hursen v. Hursen,* 212 Ill. 377, 72 N. E. 391; *Frankel v. Frankel,* 173 Mass. 214, 53 N. E. 398.

The judgment is affirmed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE ALTER concur.