215     203
f 32 SC 356

215   203
226   5333

</div>

# Heckman *v.* Heckman, Appellant.

*Husband and wife—Equity—Bill in equity by wife against husband—Fraud —Acts of April 11, 1848, P. L. 536, June 8, 1893, P. L. 344.*

A married woman may maintain a bill in equity against her husband for the protection of her separate estate against his fraud or other wrong-doing.

The declaration in the Act of April 11, 1848, P. L. 536, that a married woman shall own and enjoy her separate property secured to her the title and right to the possession of the property which a court of equity will recognize and protect.

There is nothing in the third section of the Act of June 8, 1893, P. L. 344, which can be construed as depriving a married woman of the right to invoke the assistance of a court of equity to secure to her the possession and enjoyment of her separate property against the fraud of her husband.

A court of equity will set aside a conveyance of real estate by a wife to her husband where it appears that the conveyance was obtained from the wife by threats on his part of a permanent separation, and by such persistent importunities that the peace of the wife was almost destroyed, and to regain it she executed the conveyance.

*Evidence—Competency of witness—Husband and wife—Acts of May 23, 1887, P. L. 158, and June 8, 1893, P. L. 344.*

Neither the Act of May 23, 1887, P. L. 158, nor the Act of June 8, 1893, P. L. 344, makes the plaintiff or defendant a competent witness to testify in a suit in equity by a wife against her husband to cancel a deed and compel a reconveyance of her separate property.

Argued March 5, 1906.  Appeal, No. 165, Jan. T., 1905, by defendant, from decree of C. P. Northampton Co., Feb. T., 1905, No. 2, on bill in equity in case of Anna Louisa Heckman *v.* Jacob Heckman.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.  Affirmed.

Bill in equity to cancel a deed and for a reconveyance.
Before SCHUYLER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Russell C. Stewart*, for appellant.—The court had no juris-
diction: Gleghorne v. Gleghorne, 118 Pa. 383; Ritter v. Rit-
ter, 31 Pa. 396; Small v. Small, 129 Pa. 366; Kennedy v.
Knight, 174 Pa. 408; Haun v. Trainer, 190 Pa. 1; Penna.
R. R. Co. v. Bogert, 209 Pa. 589; Williams v. Fowler, 201 Pa.
336.

Business dealings between parents and children and other
near relatives are not per se fraudulent; they must be treated
just as are the transactions between ordinary debtors and cred-
itors, and where the bona fides of their transactions is attacked,
the fraud must be clearly proved: Coleman's Estate, 193 Pa.
605; Carney v. Carney, 196 Pa. 34.

*Calvin F. Smith*, for appellee.—The court had jurisdiction
of this case: Miller v. Miller, 44 Pa. 170; McKendry v. Mc-
Kendry, 131 Pa. 24.

The court did not err in refusing to permit defendant to testify.

There was sufficient proof of undue influence: Dilworth v.
Kennedy, 201 Pa. 388; Wolf v. Christman, 202 Pa. 475;
Penna. Co. v. R. R. Co., 204 Pa. 356; Darlington's App., 86
Pa. 512; Stepp v. Frampton, 179 Pa. 284; Miskey's App.,
107 Pa. 611; Shea's App., 121 Pa. 302; Kline v. Kline, 57
Pa. 120; Mauk's Est., 19 Pa. Superior Ct. 338; Odenwelder's
Est., 1 Pa. Superior Ct. 345.

The resumption of marital relations between husband and
wife was not a good and sufficient consideration for the deed:
Kesler's Est., 143 Pa. 386.

OPINION BY MR. JUSTICE MESTREZAT, May 7, 1906:

We have no doubt as to the jurisdiction of the court below
to entertain the bill and to give the plaintiff such relief as the
facts may warrant.   The plaintiff is the wife of the defendant
and avers in her bill that by fraud, undue influence and co-
ercion, and without any consideration, the defendant procured

the execution and delivery to him of a deed conveying the undivided one-half of certain real estate, her separate property, to a third party, who, without consideration reconveyed it to the defendant. She prays a reconveyance of the property. An answer was filed admitting the real estate to have been the separate property of the plaintiff but denying the truth of the averments of fraud, undue influence, coercion and want of consideration.

It is unquestionably true that at common law a wife could not maintain an action against her husband to enforce a property right. The legal entity of the marriage relation prevented such an action. Such is still the law of this state except where a statute has provided otherwise. But since, if not prior to, the passage of the Married Woman's Act of April 11, 1848, P. L. 536, 2 Purd. 1298, equity has permitted a married woman in Pennsylvania to protect her separate estate and enforce her property rights in a suit against her husband. That act declares that every species and description of property owned by a single woman shall continue to be her property as fully after her marriage as before, and that such property as shall accrue to her during coverture shall be owned, used and enjoyed by her as her own separate property. That act contains no provision which enables a wife to protect or enforce her rights to her property against the claim or acts of her husband. Nor has subsequent legislation provided her with a remedy at law against her husband while living with his wife for an invasion of her property rights. But, as said by PAXSON, C. J., in McKendry v. McKendry, 131 Pa. 24: " The act (of 1848) having given the right, there must be a remedy to enforce it; otherwise it would fail of its purpose, in part, at least." The entity of the marriage relation which denies the wife a remedy at law cannot be invoked to oust the jurisdiction of equity when appealed to by her for the protection of her separate estate against the fraud or other wrong of her husband. The purpose of equity is to correct that wherein the law is inadequate or deficient and as the law gives an injured wife no relief against her husband for an invasion of her rights of property or for an infringement of contracts relative thereto, equity will come to her aid and give such redress as the circumstances and facts of the case may require. Especially is

this true in Pennsylvania where our statute of June 16, 1836, P. L. 789 confers upon the court of common pleas the jurisdiction and powers of a court of chancery so far as relates to "the prevention or restraint of the commission or continuance of acts contrary to law, and prejudicial to the rights of individuals." Indeed, the right of the wife to invoke the aid of a court of equity in such cases necessarily follows in every jurisdiction where the wife has the right to own and enjoy her separate property. Legislation like the act of 1848, which secures a wife's separate property as against her husband and his creditors, would avail her but little if there was no remedy for an infringement of her rights to the property. If he, by fraud or other unconscionable acts, can with impunity deprive her of the title or possession, the act of 1848 which was enacted as a shield and protection for her and which declares that she shall own, use and enjoy her separate property is vain legislation and the disabilities imposed upon her by the common law will, to a great extent, still remain. When, therefore, the act of 1848 declared that a married woman shall own and enjoy her separate property, it secured to her the title and right to the possession of the property which a court of equity will recognize and protect.

The right of a wife to invoke the aid of a chancellor for the protection of her separate property against her husband is sustained by abundant authority in this and other jurisdictions. Before the passage of the act of 1848, it was said by Rogers, J., in Hutton v. Duey, 3 Pa. 100, "that a wife can acquire a separate property which a court of equity will protect is ruled in many cases, and is recognized in McKennan v. Phillips, 6 Whart. 571." The same principle is recognized in Bergey's Appeal, 60 Pa. 408. In McKendry v. McKendry, 131 Pa. 24, it is said by this court (p. 35): "we think a bill in equity would lie against the husband at the suit of the wife to protect her in the enjoyment of her separate estate, independently of the act of 1856. As before observed, it is an act contrary to law, and prejudicial to the interests of the wife, for a husband to deprive her of the possession and enjoyment of her separate estate, and, as there is no remedy at law provided for such case, we have no doubt that the jurisdiction of equity would attach under the act of 1836, conferring equity powers upon the courts." In Fry v. Fry, 7 Paige, 461, a conveyance from the

wife to the husband after marriage was set aside in equity on the ground that it was improperly obtained by him by taking advantage of her ignorance of her rights, and her confidence in him. And in Lombard v. Morse, 155 Mass. 136, it was held that a husband could maintain a bill in equity against his wife to recover property which she had obtained from him by fraud shortly before and in contemplation of marriage. In the recent case of Frankel v. Frankel (Mass.), 73 Am. St. Rep. 266, it was held that a suit in equity can be maintained by a wife against her husband to recover her separate property obtained from her by his fraud and coercion, but an action at law cannot be maintained. In that case the property which the wife sought to recover was her separate property and was obtained from her, as the court found, by the fraud and coercion of her husband. In Stone v. Wood, 85 Ill. 603, the husband alleged fraud by his wife in procuring a conveyance of his real estate. Mr. Justice WALKER, delivering the opinion says, (p. 609) : "There can be no doubt that a man may have relief from such frauds as this, in equity, against his wife. So may the wife against the husband. There is nothing in the marriage relation that can prohibit it. If it were not so, there would be a wrong without a remedy. That courts are seldom called on in such cases, does not militate against the rule. It is a fraud that is not sanctified by that relation. When either party becomes untrue to his or her vows and marital duties, and by fraud obtains an unjust advantage of the other, equity will, as readily afford relief as it will between other persons not occupying that relation." Equity jurisdiction in such cases is also recognized in the text-books : 1 Daniel's Chancery Pl. & Pr. * 109 ; Story's Equity Jurisprudence (13th ed.), 699 ; 2 Cord on Legal & Equitable Rights of Married Women, sec. 979c ; Brightly's Eq. Juris. in Pa. sec. 521.

The third section of the Act of June 8, 1893, P. L. 344, 2 Purd. 1303, when read in the light of the legislation enacted in this state during the last half century, cannot be construed as depriving a married woman of the right to invoke the assistance of a court of equity to secure to her the possession and enjoyment of her separate property against the fraud of her husband. The tendency of that legislation has been to invest her with the absolute control of her separate property, untrammeled with

any clogs or fetters imposed under the common law by the marriage relation, so that at present her disability to enjoy and protect it is the exception and not the rule of law in this state. It is therefore apparent that the prohibition in this section of the act of 1893 against the right to sue her husband should be interpreted as applicable only to an action at law. It was not intended by that legislation to deprive her of the right she hitherto possessed of invoking the assistance of a chancellor to furnish her a remedy which the law had always denied. The act of 1893 is an enabling and remedial statute and, in line with the spirit of previous legislation on the subject, enlarged her powers of enjoyment and control of her separate property and deprived her of no remedy for its protection which our equity jurisdiction confers.

We have carefully read the evidence and, assuming the burden to be on the plaintiff, it fully warrants the findings of fact by the learned trial judge. There is not a shadow of doubt, under the testimony, that the plaintiff was induced to convey the half of her real estate to her husband by his persistent and continuous importunities and threats of a permanent separation by himself from his wife. Avarice and greed, but not affection, are manifestly the predominant attributes of his nature. He converted his power to annoy and coerce his wife into his most valuable property asset by exchanging it for one-half of her real estate. He persisted in his importunities for a deed to the property until the peace of his wife was almost destroyed and, to regain it, she executed the conveyance. That was the only consideration for the conveyance of the property. From evidence, amply sufficient, the court below found " that the execution of the deeds in controversy was in strict line with the persistent importunities of the defendant, culminating in his separating himself from his wife for almost a year against her earnest entreaties for his return, and that when he did return it was only on condition that she would do the act complained of in the present bill. I further find that the plaintiff received no consideration for her deed, the only consideration set up being her husband's return, but ' the law cannot recognize such a consideration.' "

Since 1896 the plaintiff and defendant had been, and at the time of the trial were, living together as husband and wife and

therefore neither party was competent to testify against the other. At common law both were incompetent witnesses. The Act of May 23, 1887, P. L. 158, 1 Purd. 817, permits each party to prove the fact of marriage in divorce proceedings, and to testify generally in such proceedings where there has been a service of the subpœna. The fourth section of the Act of June 8, 1893, P. L. 344, 2 Purd. 1304, makes both parties competent witnesses to testify in a proceeding authorized by the third section of the act to protect or recover her separate property when her husband has deserted her. It is obvious that neither of the acts of assembly makes the plaintiff or defendant a competent witness to testify in a suit in equity by a wife against her husband to cancel a deed and compel a reconveyance of her separate property.

The numerous authorities cited in the appellee's brief show that, under the facts of this case, the delay of the plaintiff in bringing this suit will not avail the defendant.

The decree of the court below is affirmed.