# Dorsett, Appellant, *v.* Dorsett.

*Evidence—Competency of witness—Husband and wife—Act of June 8, 1893, P. L. 345—Constitutional law—Title of statutes.*

1. The Act of June 8, 1893, P. L. 345, entitled, "An act relating to husband and wife, enlarging her capacity to acquire and dispose of property, to sue and be sued, . . . . and enabling them to sue and to testify against each other in certain cases," is comprehensive enough in its title to authorize a provision in the act conferring power upon husband and wife to sue each other at law or in equity.

2. On a bill in equity by a husband against his wife who had deserted him, to compel a conveyance to him of land belonging to himself, but standing in her name, the husband is a competent witness in his own behalf.

Argued Oct. 20, 1909. Appeal, No. 91, Oct. T., 1909, by plaintiff, from decree of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 468, dismissing bill in equity in case of Samuel Dorsett v. Elizabeth Dorsett. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction, an account, and for a conveyance of real estate. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were (1) decree dismissing the bill and, (2) refusal to permit the plaintiff to testify.

*R. S. Martin,* with him *Jere Carney,* for appellant, cited: Kline v. Kline, 2 Blair County Reps. 187.

*J. B. Orr,* with him *H. I. Riley,* for appellee, cited: Heckman v. Heckman, 215 Pa. 203.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:

This is a bill in equity filed by the plaintiff against his wife praying for an account and that the defendant be restrained from transferring or incumbering the real estate described in

the bill and be decreed to hold the undivided one-half thereof in trust for plaintiff and be directed to convey the same to him. It is averred that "in August, 1905, defendant deserted the plaintiff and separated herself from him without sufficient cause and has not lived with or had any marital relations with him since." The defendant filed a responsive answer which denied the material allegations in the bill.

On the trial of the cause, the plaintiff was offered as a witness in support of the allegations in the bill. The defendant objected to the competency of the witness on the ground that he was the husband of the defendant and for that reason could not testify against her. The court sustained the objection, and the testimony was excluded. This is assigned for error, and raises the only question in the case.

Section three of the Act of June 8, 1893, P. L. 345, 3 Purd. (13th ed.) 2461, provides that a married woman may sue and be sued civilly in all respects and in any form of action and with the same effect, result and consequences as an unmarried person, but prohibits her from suing her husband, except in a divorce proceeding, "or in a proceeding to protect or recover her separate property whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her." The same section provides that a husband may not sue his wife except in a divorce proceeding, "or in a proceeding to protect or recover his separate property whensoever she may have deserted him or separated herself from him without sufficient cause." It will be observed that this section authorizes either to sue the other in any proceeding to protect or recover separate property when there has been a desertion without cause. That section of the act, however, does not authorize either a husband or wife to testify against the other. It simply confers upon either the right to bring an action against the other for the purpose designated in the act.

Section four of the act deals with the qualifications of the parties to testify in actions brought under section three. It provides: "In any proceeding brought by either (husband or wife) under the provisions of section three to protect or recover

the separate property of either, both shall be fully competent witnesses, except that neither may testify to confidential communications made by one or the other, unless this privilege be waived upon the trial." This section therefore specifically provides that when the action is brought under section three "to protect or recover the separate property of either, both shall be fully competent witnesses." The language of this section is broad enough, we think, to include a proceeding in equity by either against the other for the purpose stated in the former section of the act. The third section, it will be noted, permits a married woman to sue or be sued civilly and in any form of action the same as an unmarried person. In any form of action or in any proceeding, therefore, he or she may proceed against the other to protect his or her separate property. This includes a suit in equity as well as an action at law, notwithstanding the fact that prior to the passage of the act either the husband or wife might sue each other in equity for the same purpose. When, therefore, the third section provides that either shall be a competent witness against the other "in any proceeding" brought under section three, we think that either may testify against the other in a proceeding in equity to protect or recover his or her separate property. It follows that in the case before us the plaintiff was a competent witness in his own behalf, and it was error in the court to exclude him.

The learned trial judge in holding the plaintiff incompetent as a witness followed what was said in Heckman v Heckman, 215 Pa. 203. That was a bill filed by the wife against her husband to cancel a deed and compel a reconveyance of real estate. We sustained the trial court in holding that equity had jurisdiction in such cases, and that the parties were not competent to testify against each other. The parties were and had been living together, and hence the proceeding was not within the act of 1893 which permits a wife to bring a suit against her husband, and allows her to testify against him "whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her." In the Heckman case the parties were living

together as husband and wife and neither had deserted the other; but when one of the parties has deserted the other and the marital relations have ceased to exist, we are of opinion that the third section permits the party to bring an action either at law or in equity, notwithstanding either could have maintained a bill prior to the passage of the act, and that therefore the parties are competent to testify against each other in any such proceeding.

We think the title to the act is sufficiently comprehensive to include suits in equity. It is, "An act relating to husband and wife, enlarging her capacity to acquire and dispose of property, to sue and be sued, . . . . and enabling them to sue and to testify against each other in certain cases." This is ample to authorize a provision in the act conferring power upon either to sue at law or in equity.

The second assignment of error is sustained and the decree is reversed with a procedendo.