## Harwood *v.* Harwood, Appellant.

*Husband and wife—Confession of judgment—Act of June 8, 1893, sec. 3, P. L. 344.*

The provision contained in sec. 3 of the Act of June 8, 1893, P. L. 344, that a married woman "may not sue her husband," has regard to adverse proceedings where the party complained against by legal process is brought into a court of justice to answer. It has no application to a judgment entered by a wife against her husband under a warrant of attorney to confess judgment.

Argued Feb. 19, 1912. Appeal, No. 236, Jan. T., 1911, by defendant from order of C. P. Lackawanna Co., June T., 1910, No. 426, discharging rule to open or strike off judgment, in case of Jennie Harwood v. A. F. Harwood. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open or strike off judgment.

From the record it appeared that on May 26, 1910, Jennie Harwood entered a judgment against her husband A. F. Harwood in the sum of $3,000, by virtue of a warrant of attorney contained in a judgment note. At the time of the entering of the judgment the husband

and wife were residing together. Subsequently she separated from him alleging cruel and barbarous treatment.

The court discharged the rule to open or strike off judgment.

*Error assigned* was the order of the court.

*James B. Murrin* and *William J. Fitzgerald,* with them *Joseph O'Brien* and *John P. Kelly,* for appellant.—There is no question but that Mrs. Harwood cannot sue her husband on the note in question unless it be by virtue of the warrant of attorney contained therein: Gillan v. West, 232 Pa. 74; nor does the act of 1893 destroy the legal unity of husband and wife: Meyer's Est., 232 Pa. 89. It appears to us unreasonable to maintain that, while the wife cannot have a summons in assumpsit on the note in question, she may still have a judgment and execution thereon against the efforts of her husband to contest the same: Ulshafer v. Stewart, 71 Pa. 170.

It is well settled that a judgment entered under a power contained in an instrument is a judicial act and has the same effect as a judgment confessed by an attorney or given in open court. The entry of an amicable action and confession of judgment has the same effect: Spragg v. Shriver, 25 Pa. 282; St. Bartholomew's Church v. Wood, 61 Pa. 96.

*Samuel B. Price,* with him *John F. Reynolds* and *Cole B. Price,* for appellee.—A married woman may take a judgment note and enter it against her husband, issue execution and collect. The proceeding is not adversary. It is not a suit contemplated by the act of 1893: Williams' App., 47 Pa. 307; Rose v. Latshaw, 90 Pa. 238; Lahr's App., 90 Pa. 507; Kincade v. Cunningham, 118 Pa. 501.

The act of 1893 has in no wise restricted the rights of a married woman as they existed before that act. A

judgment may be entered or bill in equity filed to protect the wife's property rights: Nuding v. Urich, 169 Pa. 289; Kuhn v. Ogilvie, 178 Pa. 303; Heckman v. Heckman, 215 Pa. 203.

OPINION BY MR. JUSTICE STEWART, March 18, 1912:

The parties to this proceeding are husband and wife. The appeal is by the former who seeks to have declared invalid a judgment entered against him and in favor of his wife, upon confession. The integrity of the transaction is in no way challenged; the sole ground on which the claim is made is that the entering of the judgment contravenes the provision contained in Sec. 3 of the Act of June 8, 1893, P. L. 344, which declares that a married woman "may not sue her husband," except under conditions which admittedly are not here present, and with which we have therefore no concern. The one question before us is, was the entering of this judgment a suit against the husband? Rules of lexicology afford no assistance here. It is quite possible to so broaden the meaning of the word "sue" as to make it include the entering of an amicable or confessed judgment without doing violence to its etymology. But to the common mind legal incapacity to sue can have but one meaning, and that is, that the person resting under its disability is denied legal process to bring his adversary into a court of justice, there to answer the complaint or demand that is brought against him. It was said by TILGHMAN, C. J., in Commonwealth v. Philadelphia County Commissioners, 1 S. & R. 382, that it is not always by grammatical criticism we hit the meaning of an act of assembly or any other writing; that the easiest and most popular construction is generally the truest. It is so in the present case. In giving to the words "may not sue" their popular meaning as above indicated, we reach a result that harmonizes with and reflects the general purpose of the act in which they are used only by way of exception. The act is an enabling one, unfettering the

married woman from common law disability and permitting her to sue and be sued as though she was unmarried, with no other qualification than that she may not sue her husband. This qualification was simply a retention of so much of the disability imposed by the common law as was thought necessary to protect the peace of the domestic relation; it created no new restriction, but left the married woman with respect to her rights, where the husband was involved, just where she was before. Prior to the passage of the act a judgment confessed by the husband in favor of his wife was quite as valid as one confessed to a stranger, and for its enforcement like proceedings were available to her. This was definitely settled in Rose v. Latshaw, 90 Pa. 238. In the opinion in that case Mr. Justice TRUNKEY says: "It having been established that a man's conveyances and gifts to his wife are good between themselves, and against all the world, when not fraudulent, it directly followed that a judgment to her, confessed or suffered by him, is of like force; and it would seem inevitable that execution could be lawfully issued upon that judgment. * * * Execution of a judgment, voluntarily suffered by the husband, is no more adversary than was the entry of judgment. In one sense, both are adversary; where either is with his consent it is not adverse in the sense which the law forbids, for it does not disturb domestic relations." It thus became apparent that to give other meaning to the prohibition in the act against suing the husband, than that which the words used in their popular sense indicate, would be to create a disability where none existed before. Nothing could have been further from the legislative intent. The conclusion is irresistible that when the legislature declared that a married woman "may not sue her husband," the prohibition had regard to adverse proceedings where the party complained against, by legal process is brought into a court of justice to answer. A voluntary, confessed judgment is not adverse, and therefore not within the prohibition. The

court was entirely correct in refusing to strike off the judgment in this case.

The assignments of error are overruled, and the judgment is affirmed.