# Ireland *v.* Ireland, Appellant. (No. 1).

*Husband and wife—Right of wife to sue her husband—Wife's real estate—Right to sole possession—Equity—Pleading—Mandatory injunction—Allegata and probata—Variance.*

1. A married woman may sue her husband in equity to restrain him from unlawfully depriving her of the use and enjoyment of her separate estate, notwithstanding the provisions of section 3 of the Act of June 8, 1893, P. L. 344.

2. Where a bill in equity brought by a wife against her husband to compel him to surrender possession of a house alleged to be the sole and separate property of the wife, avers that the plaintiff was obliged to leave the property in controversy, "Owing to the cruel and barbarous treatment of her husband," and the chancellor finds that there is no proof of cruel and barbarous treatment, but that plaintiff was compelled to withdraw from the house for causes which justified her in so doing, the findings are in accord with, and sustain the important part of the averment to which they relate, and there is no such variance or departure from the pleadings, as to require a dismissal of the bill.

3. Where in such case it appeared that the husband had conveyed the property to his wife, in consideration of the fact that she had paid a large portion of the original cost thereof, and in pursuance of an agreement that she should satisfy certain mortgages thereon out of her separate estate; that plaintiff had lived and resided in sole and separate ownership of the house, the defendant residing therein as her husband; that no fraud was practiced by plaintiff upon defendant in obtaining the conveyance, and that nothing transpired at the time of the conveyance in derogation of the absolute fee-simple grant to her; and that plaintiff had been compelled to withdraw from the property and remain out of possession thereof, for causes which justified her in so doing, the court correctly awarded the relief prayed for.


Argued Feb. 10, 1914. Appeal, No. 18, Jan. T., 1914, by defendant, from decree of C. P. Delaware Co., March T., 1911, No. 135, for plaintiff, on bill in Equity in case of Bertha D. Ireland v. Howard I. Ireland. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to compel defendant to vacate certain real estate. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

The court, after hearing, awarded the relief prayed for. Defendant appealed.

*Error assigned* was the decree of the court.

*Alex. Simpson, Jr.,* and *Morton Z. Paul,* for appellant.

*William I. Schaffer,* with him *John J. Stetser,* and *E. Wallace Chadwick,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 23, 1914:

The plaintiff filed a bill against her husband alleging that certain real estate in his occupancy and possession was her sole and separate property; that, owing to ill-treatment on his part, she was compelled to leave the property in question, on October 14, 1910, and to remain away thenceforth; that she did not attempt to retake possession for fear of personal violence at his hands; that she had demanded that he vacate, but he had refused to do so. The plaintiff prayed that the defendant be ordered to surrender possession to her, that he be enjoined from in any way interfering with her enjoyment of the property, and that he be decreed to pay a just compensation for use and occupation since October 14, 1910. The defendant filed an answer in which he averred that the property had been purchased solely with his own money; that he conveyed it to his wife for a mere nominal consideration "to secure its use as a home"; that she had left voluntarily and without cause; that he had not been guilty of any treatment that would justify her withdrawal; he further alleged, in detail, improper conduct and ill-treatment by the plaintiff, and prayed that the bill be dismissed. The case was heard on bill and answer, and a decree was entered that the defendant

should vacate and surrender possession to the plaintiff and not interfere with her management and control of the property in the future; the costs were placed upon the defendant, but he was not charged with any rent during the time of his separate occupancy. The defendant has appealed and assigns for error several findings of the trial court, and its final decree.

Equity jurisdiction was not disputed in the court below and is not questioned here. The chancellor found that this real estate had been conveyed by the defendant to the plaintiff in consideration of the fact that she had paid with her own funds a good part of the original cost of the property and in pursuance of an agreement that she should satisfy certain mortgages thereon out of her separate estate, which she did. He also found, however, "that at least a portion of the cost of the property was paid by Howard I. Ireland, and thousands of dollars of improvements thereon were paid by him, together with all but two years' taxes and mortgage interest," and that after the conveyance to the plaintiff the parties had "continued to live there as man and wife as an established home." But in connection with this last fact, the chancellor found that the plaintiff "lived and resided there in sole and separate ownership thereof, the said defendant, Howard I. Ireland, residing therein as her husband," further, "that no fraud was practiced by said Bertha D. Ireland upon said Howard I. Ireland in obtaining said conveyance," and that "nothing was said or transpired at the time of said conveyance,......in derogation of the absolute fee-simple grant to her." On these findings the court below concluded that the plaintiff was the owner in fee of the premises, that "no trust of any kind was impressed upon the said property at the time of the conveyance thereof to the said Bertha D. Ireland," and that she was entitled to the possession thereof free from any interference on the part of her husband.

We have read the evidence and are not convinced of an insufficiency of proofs to sustain the chancellor's findings

of fact. But the appellant contends that even though
these findings be accepted as true, it should be decided
as a matter of law that the plaintiff could not maintain
her action, for two reasons: (1) Because under the law
she was not entitled to sue her husband; (2) because the
findings show a departure from the allegations of the
bill. It has long been established in Pennsylvania that
a married woman may sue her husband in equity to re-
strain him from unlawfully depriving her of the use and
enjoyment of her separate estate, and this notwithstand-
ing the provisions of section 3, of the Act of June 8, 1893,
P. L. 344. See, McKendry v. McKendry, 131 Pa. 24;
Heckman v. Heckman, 215 Pa. 203; Dorsett v. Dorsett,
226 Pa. 334; these authorities fully dispose of the first
of the contentions now before us. As to the second, al-
though the bill avers that the plaintiff was obliged to
leave the property in controversy, "owing to the cruel
and barbarous treatment" of her husband, and the chan-
cellor states, "I do not find any evidence that the de-
fendant caused the plaintiff to leave by cruel and bar-
barous treatment," yet, he specifically found, concerning
the defendant's personal conduct as a husband, that his
wife had been "compelled to withdraw from the said
property......and remain out of possession thereof
......for causes which justified her in so doing." The
essential part of the averment under consideration is not
so much the particularities of the cause of the plaintiff's
departure, or the proper name by which the defendant's
behavior toward her should be designated, as the fact
that she was "compelled to withdraw......and remain
out of possession" owing to the conduct of her husband.
Even though the precise cause which led to the plaintiff's
withdrawal may not have amounted to "cruel and bar-
barous treatment" within the technical meaning of that
term, and hence the evidence possibly might have fallen
short of sustaining the averment to that extent, still it
is sufficient that the proofs and the findings upon the
subject-matter in hand are in accord with and fully sus-

tain the important part of the averment to which they relate, and since this is the fact, there was no material variance, or departure, in the case.

Any money which the defendant put into the property before the conveyance to his wife, necessarily passed to her, and any subsequent expenditures must be presumed to have been made with the knowledge on his part that the property belonged to the plaintiff, and that, therefore, they might enure to her benefit; but the trial court, no doubt, had these latter items in mind when it refused to charge the defendant for use and occupation of the premises. In connection herewith, see the opinion in Ireland v. Ireland (No. 2), 244 Pa. 493.

The assignments of error are overruled and the decree is affirmed at the cost of the appellant.