## Ireland, Appellant, *v.* Ireland (No. 2).

*Husband and wife—Real estate—Conveyance by husband to wife—Valid conveyance—Equity—Bill to declare a trust.*

Where in a suit in equity to have a wife declared trustee of a house and lot for her husband, from whom she was separated, and for a conveyance to him of the legal title, the court found as a fact, upon competent evidence, that plaintiff had voluntarily deeded the property to his wife while they were living together, principally because most of the money represented in the investment had come from her separate estate, and also in order to secure it against his possible future creditors, that no fraud was perpetrated upon the husband at the time of the transfer of the title, and that the conduct of the husband compelled and fully justified the wife's withdrawal from the premises, no error was committed in dismissing the bill.

Argued Feb. 10, 1914. Appeal, No. 17, Jan. T., 1914, by plaintiff, from decree of C. P. Delaware Co., Sept. T., 1911, No. 110, dismissing bill in equity in case of Howard I. Ireland v. Bertha D. Ireland. Before FELL, C. J.,

BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to declare defendant trustee of certain real estate. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court and in Ireland v. Ireland (No. 1), 244 Pa. 489.

Exceptions to various findings of fact and law of the trial judge were dismissed by the court, and a decree was entered dismissing the bill. Plaintiff appealed.

*Errors assigned* were in dismissing the exceptions.

*Alex: Simpson, Jr.,* and *Morton Z. Paul,* for appellant.

*William I. Schaffer,* with him *John J. Stetser,* and *E. Wallace Chadwick,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 23, 1914:

Howard I. Ireland filed a bill against his wife in which he averred that, "after repeated urgings" made by her with a fraudulent purpose, certain real estate purchased with his money had been placed in her name; that this was done "to protect his property against possible future creditors and insure it as a home for the rest of his life"; that following various acts of misconduct on his wife's part, she "deliberately left the home of your orator in October, 1910,......and never returned." He prayed the court to decree that the defendant held the property in trust for his benefit and to direct her to convey it to him by a deed in fee-simple. The defendant answered that she had contributed substantially all the original purchase money and large sums in payment of encumbrances on the property; she denied the personal misconduct imputed to her, and al-· leged that she had removed from the premises because of the cruel treatment of her husband; finally, she

averred that the property belonged to her absolutely, and prayed that the bill be dismissed. After hearing, the court below entered a decree dismissing the bill, and the plaintiff has appealed.

This is a companion case to Ireland v. Ireland (No. 1), 244 Pa. 489, affirmed in an opinion filed this day, and the material facts are as therein stated. While the chancellor found that the plaintiff and the defendant had "lived in the property in question as a home from the time they were married until October 14, 1910," he refused to find facts that would give rise to a resulting trust, or "that before said conveyance was made there was an express verbal trust agreed upon wherein the said Howard I. Ireland placed the title in Bertha D. Ireland to be retained as a home for both of them as long as the said Howard I. Ireland lived"; he also declined to find the defendant guilty of the alleged personal misconduct averred in the bill, or that her husband's treatment "did not make her condition intolerable and life burdensome"; further, he refused to find that she "was not justified in leaving her husband on October 14, 1910." On the request of the defendant, the chancellor found "that no fraud of any kind was practiced by the said Bertha D. Ireland upon the said Howard I. Ireland in obtaining the said conveyance," and finally, that "the conveyance of said property to said Bertha D. Ireland was not made upon any trust, but was made to her absolutely and in fee-simple."

After a review of the testimony, we are not convinced that the proofs are insufficient to sustain the findings of the court below. It is to be noticed that the bill does not expressly aver that the property was placed in the defendant's name to maintain it as a "family home," nor does the averment imply that such was the fact; on the contrary, the allegation is that the conveyance was made to protect the premises against possible future creditors of the plaintiff and to secure to him, individually, a home for the balance of his life; but the plaintiff did not as-

sert or prove any express undertaking that should he and his wife separate he would be allowed to occupy the property alone, and in the absence of such an agreement by her there was nothing shown to the satisfaction of the chancellor which would establish his right so to do. The court found that the plaintiff had voluntarily deeded the property to his wife, principally because most of the money represented in the investment had come from her separate estate, and, next, in order to secure it against his possible future creditors; the court further found that no fraud was perpetrated upon the husband at the time of the transfer of the title, and that his conduct compelled and fully justified the defendant's withdrawal from the premises. On this state of facts, the rule obtaining in some jurisdictions, and urged by the appellant as governing in the present instance,—to the effect that, where a woman by fraudulent means procures a transfer to her name of property belonging to her husband, or where a man purchases real estate with his own funds and places the title in his wife's name for the purpose of a family home and she subsequently abandons the mutual abode without due cause, he will be given appropriate relief in equity,—has no application here; therefore, much of the argument and many of the authorities cited by the appellant are not appropriate to this case.

We conclude that no error was committed in dismissing the bill; accordingly, the assignments are overruled and the decree is affirmed at the cost of the appellant.