BURLINGTON COUNTY CIRCUIT COURT.

AIDA O. SMITH, PLAINTIFF, v. WALTER E. SMITH, DEFENDANT.

**Ejectment—Right of Married Woman to Bring Suit in Ejectment Against Husband—Wife Has a Maintenance Decree Against Husband, From Whom She is Living Apart—She Has Unquestioned Title to the Property—Held, That Under the Statute Providing That Nothing Therein Shall "Enable Husband or Wife * * * to Sue Each Other, Except as Heretofore," the Ejectment Action Cannot be Maintained.**

In ejectment. On motion to strike complaint.

For the motion, *Walter S. Keown.*

Opposed, *Norman W. Harker.*

JESS, J. This is an action in ejectment brought by Aida O. Smith against her husband, Walter E. Smith. It appears that the parties are living separate and that the wife has obtained a maintenance decree against her husband. She complains that her husband deprives her of the possession of real estate, which, admittedly, is her sole and separate property. She seeks by this suit to recover possession.

The defendant moves to strike out the complaint. The motion is rested upon the provision of section 14 of the Married Woman's act (*Comp. Stat., p.* 3237), which reads: "Nor shall anything herein enable husband or wife to contract with, or to sue each other, except as heretofore."

Counsel for the defendant argues that this provision of the statute estops the plaintiff from prosecuting her suit. I think that position is well taken.

It is true that our Married Woman's act expressly declares that the real and personal property of a married woman, however acquired, shall be her sole and separate property, as though she were a single woman. *Comp. Stat., p.* 3225, § 3.

It is true, also, that the statute empowers a married woman to maintain an action in her own name, and without joining her husband therein, for the recovery of all such property, and that she shall have, in her own name, the same remedies for the recovery and protection of such property as if she were unmarried. *Comp. Stat., p.* 3235, § 11.

The broad power thus granted to a married woman with respect to the enforcement of the property rights which the act vests in her is restrained, however, so far as suits at law are concerned, by the express declaration of section 14, to the effect that nothing in the act should "enable husband and wife * * * to sue each other, except as heretofore." *Turner* v. *Davenport,* 61 *N. J. Eq.* 18, 20.

Counsel for the plaintiff points out that the question here raised, as applied to a suit in ejectment, appears not to have been flatly answered by any reported New Jersey decision, but he cites a number of cases from other jurisdictions in support of the plaintiff's claim to a remedy at law. So far as I have been able to examine these decisions, I find that they deal either with the wife's equitable remedies or with the rights of married women under statutes which confer powers without the restraining clause as to suits between husband and wife, which appears in our own act.

On the other hand, under a similar provision in the Massachusetts statute, it was declared by the Supreme Court of that state that a married woman cannot maintain an action at law against her husband, and a decree granting her relief in equity was affirmed. *Frankel* v. *Frankel,* 173 *Mass.* 214.

So, in this case, the plaintiff is not without a remedy, but the Court of Chancery is the form in which it must be sought.

In equity, a bill filed by a wife against her husband may be maintained for the protection or restoration of her separate estate. *Laszewski* v. *Laszewski,* 4 *N. J. Adv. R.* 797.

As the law gives an injured wife no relief against her husband for an invasion of her rights of property, equity will

come to her aid and give such redress as the circumstances and facts of the case may require. *Heckman* v. *Heckman* (*Penna.*), 64 *Atl. Rep.* 425; *McKendry* v. *McKendry*, 131 *Pa.* 24; 18 *Atl. Rep.* 1078; 6 *L. R. A.* 506.

An order will be made striking out the complaint.