## McMillen v. McCullough et al.

*W. C. Pettit,* for plaintiff.
*Guy Thorne,* for defendants.

ROWLEY, P. J., June 14, 1937. — Plaintiff brought this suit against the legatees and devisees of her deceased husband. Plaintiff alleges that, previous to their marriage, decedent promised in writing to pay her $1,000 annually, if she would marry him.

Defendants filed an affidavit of defense raising the following questions of law:

1. That the plaintiff's claim is predicated upon an alleged unilateral executory ante-nuptial agreement, and that under the laws of Pennsylvania the wife has no cause of action at law against her husband, or his legal representative.

2. That if any cause of action exists the claim must be prosecuted in a court of equity.

The mere fact that the alleged contract originated with an unilateral promise does not bar a recovery if there was an acceptance by consummation of the marriage.

There must be at least two parties to a contract, and there usually must be an expression of assent by each. In many cases, however, a promise becomes a contract

even though no return promise is made by the promisee. In such cases the legal duty is unilateral, resting on the promisor alone. The correlative legal right is also unilateral, being possessed by the promisee alone. The statement often made that unless both parties are bound neither is bound is quite erroneous, as a universal statement: A. L. I. Restatement of Contracts §12.

The Act of June 8, 1893, P. L. 344, provides that a married woman may sue and be sued civilly in all respects and in any form of action and with the same effect, result, and consequences as an unmarried person, but prohibits her from suing her husband, except in a divorce proceeding or in a proceeding to protect or recover her separate property, "whensoever he may have deserted", etc.

Notwithstanding the Act of June 8, 1893, supra, a married woman living with her husband could proceed in equity to protect her separate property: Heckman v. Heckman, 215 Pa. 203; Ireland v. Ireland (No. 1), 244 Pa. 489.

The Act of 1893 authorized either husband or wife to sue the other in any proceeding to protect or recover separate property when there was a desertion without cause. This included the right to bring a suit in equity as well as an action at law: Dorsett v. Dorsett, 226 Pa. 334.

The Act of March 27, 1913, P. L. 14, expressly provides that a married woman may sue her husband in a proceeding to protect and recover her separate property (although he has not deserted her). Prior to this act it was definitely settled that married persons might sue one another in equity to protect and gain possession of their separate property, and this notwithstanding the provisions of the Act of June 8, 1893. Since the Act of 1913, supra, it seems that a married woman may proceed either at law or in equity to protect or recover her separate property. The necessity for such proceeding in equity was removed by the Act of 1893, as amended by

the Act of 1913, which gave a married woman a right of action at law.

We find no authority requiring a married woman to proceed in equity to recover upon a claim which another could prosecute in an action at law. She may not sue her husband either at law or in equity during coverture, except as provided in the Act of 1913, but if her claim is within the exception of the statute she may prosecute it either by a suit in equity or an action at law.

It is clear that a married woman, during continuance of the marriage relationship, may not sue her husband (except in a proceeding for divorce or in a proceeding to protect and recover her separate property) : Act of 1913.

However, during coverture, a wife may enter judgment against her husband under a warrant of attorney to confess judgment. Execution of a judgment, voluntarily suffered by the husband, is no more adversary than was the entry of judgment. In one sense, both are adversary; where either is with his consent it is not adverse in the sense which the law forbids, for it does not disturb domestic relations.

It thus becomes apparent that to give other meaning to the prohibition in the act against suing the husband than that which the words used in their popular sense indicate would be to create a disability where none existed before. Nothing could have been further from the legislative intent. The conclusion is irresistible that when the legislature declared that a married woman " 'may not sue her husband,' the prohibition had regard to adverse proceedings where the party complained against, by legal process is brought into a court of justice to answer": Harwood v. Harwood, 235 Pa. 532.

Two reasons suggest themselves for prohibiting suits between husband and wife. The first is founded on the principle of unity of husband and wife. With the emancipation of the wife and her separate control over her property and actions, there has grown up a more compelling theory to account for the prohibition which, in

large degree, has superseded the reason of fictional unity of husband and wife. That reason is, as stated in Koontz v. Messer et al., 320 Pa. 487, 493: ". . . the personal immunity which protects him [the husband] is based simply upon the policy of preserving domestic peace and felicity."

"When the policy behind a rule no longer exists, the rule should disappear. There is no marital peace and felicity to be preserved here": Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438.

Accordingly, we conclude that, plaintiff's husband having died, there no longer exists in the instant case the reason for continuance of the prohibition which existed during coverture, and that therefore the prohibition disappears.

### Order

And now, June 14, 1937, for the reasons stated in the foregoing opinion, it is ordered, adjudged, and decreed that the statutory demurrer heretofore filed be overruled, and defendant is directed to file an affidavit of defense to the averments of fact of the statement of claim within fifteen days.