## Rich v. Peoples Bank of New Castle

*Matthews & Matheny*, for defendant.
*Maurice Levinson*, for additional defendant.

BRAHAM, P. J., April 6, 1943.—May defendant, upon being sued in trespass for failure to keep safely the

money in plaintiff's safe deposit box, join the wife of plaintiff as an additional defendant? This is the fundamental question presented by plaintiff's motion to dismiss defendant's petition to join the additional defendant, but before the decision of this question certain technical matters must be disposed of.

Much of the uncertainty in the case results from the recent amendment to the Rule of Civil Procedure relating to joinder of additional parties. Pa. R. C. P. 2251-2275 as adopted by the Supreme Court as of September 4, 1939, provided (Pa. R. C. P. 2252) for a petition to court before an additional defendant might be joined. The amended rules adopted by the Supreme Court on December 30, 1942, and now effective, have dispensed with the necessity of a petition to court, permitting joinder upon the filing of a præcipe and a complaint.

The present action was begun November 12, 1942. An affidavit of defense was filed on December 7, 1942, and the petition to join the additional defendant was filed on December 30, 1942, which was the day the amended rules were both adopted and made effective. Of course defendant could not have known of the amended rules when it filed its petition for joinder.

When the petition for joinder was presented a rule was issued upon plaintiff to show cause why the joinder should not be allowed. This was not strictly correct because, under the prior Rule 2252, all parties were required to be served with a copy of the petition and a hearing to be held unless waived. If the court was satisfied that the petition averred facts which would establish the liability of the additional defendant and that no party would be unduly prejudiced, then the writ of joinder in a form prescribed by Pa. R. C. P. 2252(a) should issue. Since the additional party was not a "party of record" within the meaning of the rule until the order of joinder, he did not need to be given notice of the proposal to join him nor of the hearing

thereon. Hence, under the rules as they existed prior to December 30, 1942, the true meaning of the rules had been essentially complied with. Plaintiff and defendant, who were the only parties of record, had notice of the proceeding and were before the court to determine whether the additional party should be joined.

Under the new rules the interests of plaintiff have been more than protected. He has been given an opportunity to oppose the joinder before it became effective, an advantage to which he was not entitled. Plaintiff's complaint under the new rules is that the writ has not yet issued and, since more than 60 days have elapsed since the service of the original pleading upon defendant, the writ of joinder may not now issue under Pa. R. C. P. 2253, which provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Plaintiff's view in this particular is erroneous because the filing of a petition under the old rule is certainly equivalent to filing a præcipe under the new. In any event, under Rule 2252 the issuance of a writ of joinder after the 60-day period is a matter within the discretion of the court and we have no hesitation in ruling that the writ may issue if this is otherwise a proper case.

Plaintiff's further objection that defendant's petition to join should be stricken off because defendant has declared in the alternative "Mary Rich is jointly and severally liable with the petitioner [the defendant] or is liable over to the petitioner for the cause of action declared upon" must be rejected. Plaintiff contends for the rule of Bowers v. Gladstein et al.,

.317 Pa. 520, but a later decision in Rau v. Manko et al., 341 Pa. 17, is decisive. This decision, although passing upon the rules in effect prior to December 30, 1942, is based upon broad grounds. The principle is stated by Mr. Justice Linn as follows (p. 22) :

"It is our opinion that third party procedure under the amendments of 1931 required . . . that a defendant, after averring the facts constituting the transaction declared on by the plaintiff, must be permitted to state legal conclusions in the alternative. Not only do the Rules not forbid it, but the practice is implicit in such procedure; without it, the important purpose of bringing before the court all the parties to the transaction would be defeated.".

When the amended rules were adopted by the Supreme Court it was apparently the purpose of the court to incorporate this interpretation of the language regarding sole, joint, and several liability.

Thus far it has been necessary to clear away technical objections and difficulties to determine whether defendant may bring in the wife of plaintiff as an additional defendant. "At common law neither a husband nor wife can sue the other, this incapacity arising out of the legal unity of husband and wife": 27 Am. Jur. 183, §584; Heckman v. Heckman, 215 Pa. 203.

Yet a spouse may be joined as additional defendant at the instance of a third person although plaintiff might not sue the spouse directly: Koontz v. Messer et al., 320 Pa. 487. If defendant in the present case sought to join plaintiff's wife as additional defendant on the ground that she alone was liable the petition to join would have to be refused: Hoffman v. Repp et al., 27 Northamp. 16; Iams v. Weinsweig, 2 Fayette L. J. 303. But where there is liability over or where defendant might be entitled to contribution from a joint tortfeasor, then defendant has the right to have its case determined in this action even though it involves bringing in the spouse.

In our order we shall endeavor to dispose of the question presented so as to conform as closely as possible to both the original and the amended rules. Entertaining these views we make the following

### Order

Now, April 6, 1943, plaintiff's motion to dismiss defendant's petition to join Mary Rich as additional defendant is hereby refused and the joinder of Mary Rich as additional party defendant is allowed and a writ in the form stated in Pa. R. C. P. 2252(c) is directed to issue upon her. Defendant's petition to join filed December 30, 1942, shall stand as the complaint required in Pa. R. C. P. 2252(b). The writ and copy of defendant's said petition shall be served and further steps be taken as provided in Pa. R. C. P. 2251-2275, as last amended December 30, 1942.