MARTHA C. STEVENS *vs.* WILLIAM D. HAYDEN & others.

Suffolk.   Nov. 21, 1879. — Sept. 9, 1880.   MORTON & SOULE, JJ., absent.

A bill in equity alleged that the plaintiff mortgaged a tract of land with a house thereon to A., and, as additional security, obtained a policy of insurance against fire, payable to the mortgagee in case of loss; that the plaintiff made a second mortgage to B., and subsequently conveyed the estate in fee to C., who assumed and agreed to pay the two mortgages; that C. afterwards conveyed the estate to D., who also assumed and agreed to pay both mortgages; that A., on receiving the amount of his note and mortgage, assigned the same, when overdue, to a bank, to hold as collateral security for the joint note of D. and E. to the bank, upon the payment of which the mortgage was assigned by the bank to E.; that the building insured was destroyed by fire, and D. and E. received a certain sum in settlement of the loss; that E. assigned the note and mortgage to F. after the plaintiff was entitled to have the insurance money indorsed on the note; and that the estate was not sufficient for the paymen of the mortgages, unless the money so received was applied in payment. The only persons named in the bill as defendants were D. and E. The prayer of the bill was that " the defendants " be ordered to indorse the insurance money on the note secured by the first mortgage, and to cancel the mortgage to that extent; and for general relief. *Held*, on demurrer, that the bill could not be maintained.

BILL IN EQUITY, alleging that on or about November 2, 1874, the plaintiff was the owner of a certain tract of land, with a

dwelling-house thereon, situated in Boxford in the county of Essex; that on or about November 2, 1874, she conveyed the said premises in mortgage to Julius A. Palmer, Jr., trustee, to secure the payment of her note for $2000, of even date with the mortgage, and payable with interest at eight per cent per annum in three years from November 2, 1874; that, pursuant to the condition in said mortgage, she procured, at her own expense, a policy of insurance against fire, to the amount of $2000, on said dwelling-house, and caused the same to be made payable, in case of loss, to Julius A. Palmer, Jr., trustee, mortgagee, as additional security for the payment of said note and mortgage to him; that, on or about July 1, 1876, she made a second mortgage of the premises to Edwin Eames, to secure the payment of her note for $1500 in one year from July 1, 1876, with interest thereon at the rate of six per cent per annum, payable annually; that, on or about June 1, 1877, she conveyed the estate in fee to George H. Jones, of Chelsea in the county of Suffolk, who assumed and agreed to pay said mortgages; that the plaintiff, at the request of Jones and as a part of the contract of sale, caused the time of payment of the second mortgage to be extended until January 1, 1879, by Eames, and, in order to obtain such extension, the plaintiff was obliged to and did advance to Eames, from time to time, large sums of money, amounting in all to nearly the entire amount of the second mortgage, upon the understanding and agreement that the same should be repaid to her when the second mortgage was paid; that, in November 1877, the said dwelling-house was wholly destroyed by fire; that on or about          , 187 , Jones conveyed said estate in fee "to the defendant William D. Hayden," of Somerville, he assuming and agreeing to pay said mortgages as part of the consideration for the sale to him by Jones; that Palmer demanded of William D. payment of said first-named note and mortgage, and William D. and his brother, Joseph O. Hayden, of Somerville, "the other defendant," upon their joint note, borrowed of the First National Bank at East Cambridge the amount due on said first note and mortgage, and paid the same to Palmer, and, instead of taking a discharge of the first mortgage by Palmer, caused the same to be conveyed by Palmer to John C. Bullard, cashier of said bank, as security for the payment of said

note of William D. and Joseph O.; and, upon payment of said last-named note, said Bullard assigned said first note and mortgage to Joseph O. Hayden; and at the time Palmer demanded payment, and was paid as aforesaid, said first note and mortgage was overdue; that thereafterwards William D. Hayden and Joseph O. Hayden demanded of said insurance company, under and by virtue of the insurance policy, payment for the loss of said house, and, on or about March 25, 1878, they received from the insurance company the sum of $1500, in settlement of the loss; that nothing has been paid by or on behalf of Jones or William D. Hayden, on account of her said second mortgage, and, by reason of the destruction of said house, the remaining estate is not sufficient security for the payment of $1500 unless the amount received by William D. Hayden and Joseph O. Hayden shall be applied in payment of said first mortgage; that William D. Hayden sold said first mortgage, and the note thereby secured, to George H. Burrows, of Boston; and Joseph O. Hayden assigned the same to Burrows on or about July 1, 1878, and long after the same was overdue, and after the plaintiff was entitled to have said $1500 indorsed on said note.

The prayer of the bill was that "the defendants" be required to answer the allegations of the bill, but not under oath, and that a subpœna in due form issue; that "the defendants" be ordered to indorse upon the note secured by said first mortgage the payment of $1500 as of March 25, 1878, and to cancel the mortgage to that extent; and for further relief; that a writ of injunction issue, restraining Joseph O. Hayden and George H. Burrows from transferring said first mortgage, or the note secured thereby, and from foreclosing said note and mortgage.

W. D. Hayden and J. O. Hayden demurred to the bill for want of equity. *Ames*, J. overruled the demurrer; and these defendants appealed.

*C. P. Weston*, for the defendants.

*W. A. Herrick*, for the plaintiff.

COLT, J. This case comes up on demurrer. The substantial allegations of the bill are that the plaintiff, in 1874, mortgaged her real estate to Palmer, and, as additional security, obtained a policy of insurance against fire, payable to the mortgagee in case of loss. In 1876, she gave a second mortgage to Eames, and, in

June 1877, conveyed the estate in fee to Jones, who assumed and agreed to pay the two mortgages. Jones afterwards conveyed the same to William D. Hayden, who, as part of the consideration, also assumed and agreed to pay both mortgages. Palmer, on receiving the amount of his note and mortgage, assigned the same, when overdue, to a bank in Cambridge, to hold as collateral security for the joint note of William D. and Joseph O. Hayden to the bank, upon the payment of which the mortgage was assigned by the bank to Joseph O. Hayden. The building insured was destroyed by fire in 1877, and, in March 1878, the Haydens received the sum of fifteen hundred dollars in settlement of the loss.

The bill then alleges that Joseph O. Hayden assigned the note and mortgage to Burrows, in July 1878, after the plaintiff was entitled to have the insurance money indorsed on the note; and that the estate is not sufficient for the payment of the mortgages, unless the money so received is applied in payment. The prayer is, that the defendants may be ordered to indorse the insurance money upon the note secured by the first mortgage, and may be required to cancel the mortgage to that extent; and for general relief.

These allegations fail to bring the case within any known head of equity jurisdiction. The bill is not brought to redeem a mortgage, because the plaintiff shows that she has parted with all title to the land, and the right to redeem both mortgages is apparently in William D. Hayden. It is not a bill to enforce a trust, because it is nowhere alleged that the plaintiff has any equitable title or interest in the land, or that the same is charged with a trust in her favor. It is not a bill for the cancellation of a written instrument obtained by fraud, the invalidity of which is not apparent on the instrument itself, because the allegations wholly fail to disclose such ground of complaint. *Fuller* v. *Percival*, 126 Mass. 381. No fraud, collusion or conspiracy against the plaintiff's rights is set forth. And, upon all the allegations in the bill, it does not appear that the plaintiff has suffered, or is likely to suffer, any loss by the failure or refusal of Hayden to apply the insurance money in payment of the first note and mortgage. It is not charged that she has been obliged to pay anything on account of the mortgages given by her; or that her

grantee, Jones, is insolvent, and unable or unwilling to perform his agreement to assume and pay the same; or that the Haydens are not fully able to respond for any misapplication of money received by them; and it fully appears that the note and first mortgage were assigned by Hayden to the present holder long after they were due, and are now held subject to all equities existing at the time of their transfer.

It is difficult to see what claim for equitable relief the pleader intended to set forth in "a clear and explicit statement," as required by the rules of this court, or whom she intended to make defendants. As was said in *Wright* v. *Dame*, 22 Pick. 55, 59, "Every material fact necessary to entitle the plaintiff to the relief prayed for must be contained in the stating part of the bill." "This part of the bill must contain the plaintiff's case, and his title to relief; and every necessary fact must be distinctly and expressly averred, and not in a loose and indeterminate manner, to be explained by inference, or by reference to other parts of the bill."

*Demurrer sustained, and bill dismissed, with costs.*