Emeline S. Rice *vs.* Frederic D. Merrill.

Middlesex.    March 26, 27, 1913. — June 18, 1913.*

Present: Rugg, C. J., Morton, Loring, Sheldon, & De Courcy, JJ.

*Equity Pleading and Practice,* Decree. *Equity Jurisdiction,* Control of trusts. *Superior Court. Trust,* Created by decree of court.

In a suit in equity by an aged widow, seeking to set aside a deed of property made by her to the defendant conditioned upon her comfortable support by the defendant during her lifetime, and containing a general prayer for further relief, the Superior Court may make an interlocutory decree ordering the defendant to convey to a certain person as trustee all the property conveyed to

* This case is printed out of its order by reason of a temporary withdrawal of the opinion.

him by the plaintiff, to be held by such trustee for the benefit of the plaintiff upon trusts stated in the decree, and, upon the plaintiff's death, to apply any balance of the trust fund in his hands as therein directed in satisfaction of any just debts or expenses incurred under the trust, and to pay the balance then remaining to the plaintiff's executor or administrator; and, where the defendant has made a deed to the trustee in accordance with the terms of such decree, which is accepted by the plaintiff who enjoys the benefit of the trust until her death more than two years later, the executor of the plaintiff's will, if the circumstances under which the interlocutory decree was made do not appear, cannot be heard to assert that the decree or the trust created by it was invalid.

In such a case the duties of the trustee appointed by the interlocutory decree do not terminate upon the death of the original plaintiff in the suit, and it is his duty, before paying over the balance of the fund to the executor of the will of the deceased plaintiff, to pay the expenses incurred under the trust, comprising all disbursements and obligations for the comfortable support and maintenance of the deceased plaintiff, for his own charges and compensation, and for proper services rendered to him by counsel, including necessary services rendered in litigation incidental to the settlement of his accounts.

Where a trust is created by an interlocutory decree made by the Superior Court in a suit in equity and a trustee is appointed under the general equity jurisdiction of the court with duties analogous to those of a receiver, such trustee is not required to give a bond to the judge of probate under R. L. c. 150, § 1, and his accounts as trustee can be settled in the original suit.

BILL IN EQUITY, filed in the Superior Court on September 1 and amended on November 17, 1905, by a widow then eighty-four years of age against the husband of a niece of the plaintiff, seeking to set aside a deed from the plaintiff, conditioned upon the comfortable support of the plaintiff by the defendant during the plaintiff's life, and for a reconveyance of the property therein described, the bill containing also a prayer for further relief.

On October 29, 1906, an interlocutory decree was entered in the Superior Court, ordering the defendant to convey to Edwin M. Brooks, trustee, all the property conveyed to him by the plaintiff, together with the proceeds, income and accumulations of such property and all money and property received by the defendant by virtue of or under the deed from the plaintiff. The decree contained other orders and provisions including those that are described in the opinion. In accordance with the orders contained in the decree the defendant on November 7, 1906, made a deed, in which his wife joined, conveying to Edwin M. Brooks, "as he is trustee under a certain trust set forth in a decree entered in the Superior Court [in this case]," the property described and designated in the decree.

The plaintiff died on June 24, 1909, leaving two wills which were offered for probate. Under the will allowed Helen R. Stevens and Emma F. Merrill, the wife of the defendant, were appointed executrices and qualified as such.

On April 10, 1912, by an order of the Superior Court the case was referred to Arthur P. Hardy, Esquire, as master, who on March 7, 1913, filed an amended report.

One of the objections to the master's report made by the executrices was as follows: "1. Because the report does not show whether or not Mrs. Rice the nominal complainant ever consented to the entry of the decree, or had any knowledge that the decree was to be entered, or that the conveyance of the legal estate in the property to Mr. Brooks, as trustee, had been made, though he was requested by the respondents to rule thereon." The master overruled this objection as follows: "I overrule the first of the remonstrants' objections for the reason that no evidence was introduced before me which would justify a finding that Mrs. Rice did or did not consent to the entry of the decree, or whether or not she had any knowledge that the decree was to be entered, or whether or not she had any knowledge that the conveyance of the legal estate in the property to Mr. Brooks, as trustee, had been made. Mr. Brooks testified that shortly prior to the entry of the decree he had several interviews with Mrs. Rice in Woburn, but that he had no record or recollection of the subject matter of such interviews."

The master overruled other objections on the ground that they were founded on requests for rulings on matters of law with which it was beyond the province of the master to deal. The master on the same ground overruled objections of Edwin M. Brooks, trustee, founded on requests for the following rulings:

"1. The decree creating the trust is a valid decree.

"2. The Superior Court had jurisdiction to enter the decree creating the trust.

"3. If a valid trust was not created by the decree of October 27, 1906, a valid trust was created in accordance with the terms of said decree by the deed from Frederic D. Merrill to the trustee.

"4. The trust is still an active trust.

"5. The trust was not terminated by or on the death of Emeline S. Rice.

"6. A trust is not in law terminated until its expressed purposes are performed.

"7. The trustee still has legal title to the real estate.

"8. The trustee still has legal title to the personal estate.

"9. The trustee is entitled to fair and reasonable compensation for the management of the trust property.

"10. The trustee is entitled to fair and reasonable compensation for legal services performed by him in good faith and in the exercise of reasonable diligence for the trust or for the trustee.

"11. Messrs. Whipple, Sears and Ogden are entitled to fair and reasonable compensation for legal services rendered by them for the petitioner and for the trust and for the trustee.

"12. It is not law in this Commonwealth that a trustee is not entitled to fair and reasonable compensation for legal services performed by him for the benefit of his trust.

"13. A trustee who has made any expenditure in the administration of his trust in good faith and in the exercise of reasonable diligence and discretion should be allowed in his accounts for such expenditure.

"14. In case a trustee pays to a third party an amount which the trustee reasonably believes such third party has expended with the trustee's consent and approval for the benefit of the beneficiary under the trust, the trustee should be allowed for such payment in his accounts, even though such amount subsequently proves not to have been in fact expended by such third party for the benefit of the beneficiary, — provided the trustee has acted in good faith and in the exercise of reasonable diligence and discretion."

Exceptions to the master's report were filed which included exceptions based on the master's overruling of the objections stated above.

The case came on to be heard before *Morton, J.,* who reserved it for determination by this court.

*J. W. Grimes,* (*S. Bancroft* with him,) for the executrices of the will of Emeline S. Rice.

*E. M. Brooks,* trustee, *pro se.*

Sheldon, J. The decree entered by the Superior Court on October 29, 1906, ordering the defendant to convey to Mr. Brooks as trustee the real and personal property therein mentioned,

to be held by him for the benefit of Mrs. Rice upon the trusts therein stated, was not invalid or beyond the power of that court to make. We do not know what evidence was heard or what findings were made, and every presumption is to be made in favor of the action of the court. It must have been found that the defendant had not the right to retain the property. It may be that Mrs. Rice requested the court to order the property to be conveyed to Mr. Brooks upon the stated trusts, and that the defendant consented to this. If so, it must have been found that Mrs. Rice had full capacity to express this desire and to have it acted upon. Neither party appears to have objected to the decree. Neither one appealed from it; it was carried out by a conveyance to Mr. Brooks; he entered upon the discharge of the trust and acted under it without objection for nearly three years and until after the death of Mrs. Rice. The relief given was within the scope of the prayer for further relief. After this acquiescence by all parties, after Mrs. Rice has, as we must presume, requested and procured the entry of the decree in this form while she was fully competent to do so, and after she has taken the benefit of the conveyance to the trustee and of his management of the property, no one claiming under her can now be heard to assert that either the decree or the trust thereby created was invalid.

If this were not so, yet the deed of the defendant to Mr. Brooks created a valid trust. The deed was made, as we must infer, in settlement of the suit, at the request of Mrs. Rice, when all the parties were *sui juris*. The reference to the decree, even if the decree were invalid, yet fixed exactly the terms of the trust and the duties of the trustee. On either alternative the trust was a good one. But we prefer to rest upon the ground that the decree was valid and cannot now be avoided.

It remains to be determined whether the trustee's accounts can be settled in the original suit.

The trust was created by the decree; and the decree reserves the right to the trustee and to the beneficiary to apply to the court at any time for the modification of the decree and of the trust itself. It did not purport to be a final decree. The beneficiary was Mrs. Rice in her lifetime, and after her death her personal representative. Plainly it was the intention of the court to keep the management of the trust in its own hands and under its own control. If

Mr. Brooks had been called a receiver instead of a trustee, the difficulty would have been obviated, although the legal title and the same powers of control had been given to him. But the mere name of receiver or trustee is not of controlling importance. The Superior Court has general equity powers; R. L. c. 159, § 1; and the subject of the control of trusts and trustees is one of the recognized departments of equity jurisdiction. R. L. c. 162, § 5, and c. 147, § 5. *Attorney General* v. *Barbour,* 121 Mass. 568, 573. *Hayes* v. *Hall,* 188 Mass. 510. Mr. Brooks was not required to give a bond to the judge of probate, and does not come within the requirements of R. L. c. 150, § 1. We are of opinion that the Superior Court had power to pass upon and settle his accounts in the original suit.

By the terms of the trust it was his duty upon the death of Mrs. Rice to apply any balance of the trust funds in his hands, "in satisfaction of any just debts or expenses incurred under the trust," including his own proper charges; and it was only the net balance then remaining that he was to convey and transfer to her executor or administrator. These expenses must include all disbursements and charges for the comfortable support and maintenance of Mrs. Rice, for his own charges and compensation, and for proper services rendered to him by his counsel, including whatever necessary services have been rendered in litigation incidental to the settlement of his accounts. They should not include compensation for services rendered to Mrs. Rice by her counsel before the creation of the trust, except so far as these have been paid by the trustee in her lifetime for her personal benefit and relief. The papers furnished to us do not state the amounts and details of the items of the trustee's accounts and therefore we do not go into figures. But upon the master's findings the specific items mentioned in his report should be allowed for the amounts stated by him. Nor did all the duties of the trustee end upon the death of Mrs. Rice.

A decree should be entered overruling all the exceptions of both parties to the master's amended report, and ordering the trustee to pay over any net balance remaining in his hands, after the allowances which have been mentioned, to the executrices of the will of Mrs. Rice.

*So ordered.*