EMELINE S. RICE *vs.* FREDERIC D. MERRILL & others.
MARY C. HEALY, intervening petitioner.

Middlesex.    January 18, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Trust*, Construction. *Limitations, Statute of. Equity Jurisdiction*, Laches. *Equity Pleading and Practice*, Intervening petition.

By an interlocutory decree in equity it was ordered that certain specified property should be transferred to a trustee named, "in trust, to pay all present just debts, charges and expenses, of said E. R.," including what might be found to be due to the trustee, to provide for the support of E. R. and to dispose of the balance of the estate remaining at her death. A petition to intervene in the suit was filed seven years and a half after the decree was made by an alleged creditor of E. R., setting forth a claim for services performed for her about nine years before the filing of such petition, and alleging that the trustee at all times had known of the petitioner's claim. Upon demurrer it was *held*, that on the allegations of the petition the petitioner had a beneficial interest in the property held by the trustee, which was charged with the payment of the debt due to the petitioner, and therefore that the statute of limitations would not begin to run in favor of the trustee unless and until the trust was repudiated by him.

In the same case it was *held*, that the petition disclosed no laches that would bar the petitioner's claim, as it did not appear that any one other than the petitioner had been harmed by his delay in filing his petition.

Where in an intervening petition in a suit in equity setting forth a claim, against a

fund in the hands of a trustee, for money due the petitioner for services performed, it is alleged that "an attorney . . . without her [the petitioner's] knowledge and against her express instructions signed her name to releases of her claim against said trust for the consideration of $30, no part of which she has ever accepted or received," there is no occasion for the petitioner to aver an offer to return the $30.

DE COURCY, J.   This suit originally was brought by Emeline S. Rice, a widow then eighty-four years of age, to set aside a deed signed by her and to obtain a reconveyance of certain property, the bill containing also a prayer for general relief.   On October 29, 1906, an interlocutory decree was entered, ordering the defendant to convey the property to Edwin M. Brooks, trustee. Mrs. Rice died on June 24, 1909.   In 1913 the suit was before this court on certain issues, involving, among other things, the validity of the decree creating the trust and the question whether the duties of the trustee ended on the death of Mrs. Rice.   *Rice* v. *Merrill,* 215 Mass. 419.

It was provided in paragraph two of the decree, that all the property specified should be conveyed and transferred to Edwin M. Brooks, trustee, "in trust, to pay all present just debts, charges and expenses, of said Emeline Rice," including what might be found due to the defendant; and provision was made therein for the support of Mrs. Rice and the disposition of the balance of the estate remaining at her death.   In April, 1914, Mary C. Healy filed a petition to intervene in the suit as "a party interested in the subject matter of this suit and entitled to the performance of said trust by said Brooks," to which the trustee and others filed identical demurrers.   The Superior Court entered a decree * sustaining the demurrers and denying the petition; and the petitioner appealed therefrom.

The first ground of the demurrers is the statute of limitations. It appears from the petition that the last work done by Mary C. Healy for Mrs. Rice was on April 7, 1905, almost nine years before she filed her petition.   The dates of the payments made by Mrs. Rice on account are not specified, nor is her alleged written request that the petitioner be paid for her services incorporated in the petition.   It follows that the petitioner's claim, as alleged, is barred by the statute, unless she is entitled to participate under

---

* By order of *Morton,* J.

the said decree of October 29, 1906, as a beneficiary. Her interest in the trust is challenged by the fourth clause set up in the demurrers.

By the express terms of the decree, already quoted, the trustee held the property "in trust, to pay all present just debts" of Mrs. Rice. On the allegations of the petition, assumed to be true for the purposes of the demurrer, such a debt then was due to Mary C. Healy. Accordingly, she had a beneficial interest in the property, which was charged with the payment of the debt due to her. If, in accordance with the prayer in the bill, the property had been reconveyed to Mrs. Rice, she could not have settled it in trust to pay the income to herself while exempting the property from liability for her existing debts. *Pacific National Bank* v. *Windram,* 133 Mass. 175. When the parties interested decided to have the defendant convey the property to the trustee directly, the decree of the court properly made provision for the claims of creditors, including the petitioner. Mary C. Healy acquired thereby a right to maintain a suit to have the trust enforced, so far as it affects her interests. *Noyes* v. *West,* 3 Cush. 423. Her written assent was not required by the terms of the decree. She alleges that the trustee at all times has known of her claim. Under the facts the statute of limitations would not begin to run in favor of the trustee unless and until the trust is repudiated by him. *Schmidt* v. *Schmidt,* 216 Mass. 572 and cases cited. While, as stated in the former opinion, the trustee has the duty of applying the balance of the trust funds in his hands toward only the expenses therein defined, it is plain that the duty of satisfying the "just debts" referred to in the decree rests on him, and not on the executrices of the will.

It cannot be said that the petition discloses such laches as to bar the petitioner. Nor does any one, except her, appear to have been harmed by the delay. *Coram* v. *Davis,* 209 Mass. 229, 250. *Garden Cemetery Corp.* v. *Baker,* 218 Mass. 339.

In view of the allegations of the fifth paragraph, that "an attorney . . . without her knowledge and against her express instructions signed her name to releases of her claim against said trust for the consideration of thirty dollars ($30), no part of which she has ever accepted or received," an offer to return the $30 was not essential.

This disposes of all the grounds set up in the demurrers. The decree of the Superior Court must be reversed, and a decree entered overruling the demurrers.

*Ordered accordingly.*

*B. J. Killion,* (*C. Toye* with him,) for the intervening petitioner.
*E. M. Brooks,* for the defendants.