### · D. HENRY CRAM *vs.* ALICE E. CRAM & others.

Suffolk.   November 29, 1927.— March 1, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To relieve from results of fraud, Plaintiff's clean hands, Conveyance in fraud of creditors, Laches. *Trust. Gift. Husband and Wife.*

In a suit in equity brought in 1927 by a husband against his wife, the plaintiff averred that in 1922, while solvent, he placed a large amount of property, substantially all his worldly goods, in the possession of his wife by reason of false and fraudulent representations on her part that she was satisfied with her condition and would continue to reside with him and care for him as long as both should live, that she was better able to assume the burden of investing and caring for the said property, that the property would be removed from possible attachment either on pending or future claims against the plaintiff, and that the property would be at all times subject to the control of the plaintiff; that he made such conveyance without intention to avoid payment of any just debt or obligation, but, on the suggestion of the wife, for the purpose of protecting himself from the embarrassment that might result from his funds being tied up by unfounded claims or groundless suits, and without intention of giving the wife "a beneficial interest in the property," it being "understood by both that the property should be held by" the wife "in trust for" the husband; and that the wife had appropriated the property to her own use to the exclusion of the plaintiff.   On demurrer to the bill, it was *held,* that

(1) The bill showed ground for equitable relief;

(2) While, if the bill showed a purpose on the part of the plaintiff to defraud present or future creditors by transferring the property to his wife, the plaintiff's conduct would appear to be so tainted with illegality as to bar relief, no matter how faithless the defendant might be, the allegations of the bill, admitted by the demurrer, negatived such a purpose;

(3) If one substantially free from debt transfers property to or for the benefit of his wife or family, so that it shall not be exposed to the hazards of future business or be subjected to the risks of improvidence, a fraudulent purpose as to future creditors is not shown;

(4) *It seems,* that, for such a transfer to be found to be tainted with fraud, it must further appear expressly or impliedly that the husband intended to contract debts in the future and to avoid payment of them by the transfer;

(5) The allegations of the bill to the effect that no beneficial interest in the property was intended to be given to the defendant negatived the presumption which otherwise might be drawn, that the transfer was made by a husband and received by his wife with the intention that it be either a complete and executed gift, or a gift to be applied to the use and benefit of either or both at the discretion of the recipient;

(6) The allegations of fraud on the part of the defendant were not vague and indefinite, but were specific enough to warrant judicial inquiry;

(7) It could not rightly be said that laches could be imputed to the plaintiff on the allegations of the bill.

There is jurisdiction in equity to enforce a trust between husband and wife and to prevent fraud.

BILL IN EQUITY, filed in the Superior Court on February 18, 1927, and afterwards amended, described in the opinion.

Successive demurrers by the defendants to the bill and to amendments thereof were heard by *Morton,* J., and *Bishop,* J., respectively, and were sustained. By order of *Bishop,* J., a final decree was entered dismissing the bill. The plaintiff appealed.

*J. F. Ryan,* for the plaintiff.

*H. W. Sullivan, (T. N. Foynes* with him,) for the defendants.

RUGG, C.J. This is a suit in equity by a husband against his wife to reach property standing in her name and in the possession in whole or in part of other defendants and alleged to belong to the plaintiff. It is averred that, prior to January 25, 1922, the plaintiff placed most of his profits in the hands of his wife to be saved for the enjoyment jointly of himself and his wife, and that she has appropriated the same to her own use to the exclusion of the plaintiff. It is further averred that, having sold his business in 1922 for a large sum, his wife induced him to give into her custody approximately $92,000 in cash and mortgages, being substantially all his worldly goods, "by means of false and fraudulent representations of the defendant, Alice E. Cram, that the defendant Alice E. Cram was satisfied with her condition and would continue to reside with him and care for him as long

as both should live; that the defendant Alice E. Cram was better able to assume the burden of investing and caring for the said property; that the property would be removed from possible attachment either on pending or future claims against the plaintiff; that the property would be at all times subject to the control of the plaintiff . . . all of said representations made by the defendant Alice E. Cram were known by her to be false." Further allegations were added by amendment to the effect that, at the time of such transfer, the plaintiff "was solvent, that he owed practically nothing, having paid all his just debts or reserved from the property received from the sale of his business a sufficient sum to pay all his remaining debts and with said sum did pay all his remaining debts, that neither at the time of said transfer or at any other time was there any intention on the part of the plaintiff to avoid payment of any just debt or obligation, but the purpose on the suggestion of the defendant Cram was that he merely protect himself from the embarrassment that might result from his funds being tied up by unfounded claims or groundless suits and it was not his desire or intention to prevent this property from being applied to the payment of any just debts or claims. . . . that there never was any intention that the defendant Cram should take a beneficial interest in the property, but it was fully understood by both that the property should be held by the defendant Cram in trust for the plaintiff." The demurrer of the defendant Cram was sustained, and the plaintiff's appeal from a final decree dismissing the bill brings the case here. The allegations of the bill are admitted to be true by the demurrer for the purposes of this decision.

The turning over of money by the husband to the wife to be used, so far as necessary, for household expenses and the surplus to be saved for the joint benefit and enjoyment of both, does not constitute a gift but joint possession or a trust for their joint benefit. *Moore* v. *Mansfield*, 248 Mass. 210, 215. If the allegation to that effect be proved and it be further shown that the trustee has repudiated the terms of the trust and appropriated the property to her own exclusive use, suit for an accounting and further adequate relief may

be maintained. One joint tenant of personal property may maintain trover against another where the latter has utterly deprived him of the benefit of the property. *Delaney* v. *Root,* 99 Mass. 546. *Johnson* v. *Nourse,* 258 Mass. 417, 419. The *cestui que trust* has an undoubted right to bring suit for the establishment of the trust and for complete relief in equity against a trustee who has disavowed the trust. Repudiation of an express or implied trust by a trustee requires the beneficiary to assert his equitable right to prevent its being barred by the statute of limitations. *Young* v. *Walker,* 224 Mass. 491, 493. *Bremer* v. *Williams,* 210 Mass. 256.

The allegations of the bill are not equivalent to a purpose on the part of the plaintiff to defraud present or future creditors by transferring the property to his wife. When such a purpose is shown, the conduct of the party making the conveyance is so tainted with illegality as to bar relief, no matter how faithless may be the party receiving the property. *Pollock* v. *Pollock,* 223 Mass. 382, 385. *Dunne* v. *Cunningham,* 234 Mass. 332, 334. · *Caines* v. *Sawyer,* 248 Mass. 368, 374. Where, however, one substantially free from debt transfers property to or for the benefit of his wife or family, so that it shall not be exposed to the hazards of future business or be subjected to the risks of improvidence, this is not fraudulent as to subsequent creditors. The same principle applies where one who, although having some debts, still is possessed of estate largely in excess of existing obligations, transfers such excess of property with that purpose. In order that such transfer may be set aside or be tainted with fraud, it must further appear expressly or impliedly that there was an intent on the part of the transferrer to contract debts in the future and avoid payment of them because of the transfer of his property. *Winchester* v. *Charter,* 12 Allen, 606, 609. *Gately* v. *Kappler,* 209 Mass. 426, 427, 428.

The allegations of the present bill with its amendment, although not clear in every particular, mean as a whole, in our opinion, that the plaintiff was possessed of property largely in excess of all his obligations, that he retained enough to pay all his debts and applied it to that end, and that his transfer of property to the defendant Cram was not with the

purpose to hinder, delay, or in any way harm either his existing or future creditors, and that no such creditors were adversely affected by the transfer. Moreover, the transfer is expressly alleged to have been caused by the fraudulent representations of the defendant Cram in order to procure for herself in a trust capacity all the property in question. Representations to that end are peculiarly reprehensible. *Berman* v. *Coakley,* 243 Mass. 348.

The bill as amended is positive to the effect that no beneficial interest in the property was intended to be given to the defendant Cram. This averment negatives the presumption which otherwise might be drawn, that the transfer was made and received with the intention that it be either a complete and executed gift, or a gift to be applied to the use and benefit of either or both at the discretion of the recipient. *English* v. *English,* 229 Mass. 11. *Daniels* v. *Daniels,* 240 Mass. 380, 385.

There is jurisdiction in equity to enforce a trust between husband and wife and to prevent fraud. *Gahm* v. *Gahm,* 243 Mass. 374, 376. *Moreau* v. *Moreau,* 250 Mass. 110, 113. *Young* v. *Young,* 251 Mass. 218, 221. *O'Brien* v. *O'Brien,* 256 Mass. 308, 310. The allegations of the present bill bring the case within that principle.

The allegations of fraud on the part of the defendant Cram are not vague and indefinite, but are specific enough to warrant judicial inquiry. While one or two are somewhat promissory in nature, as a whole they amount to false representations sufficiently certain and adequate in the circumstances disclosed. *Nichols* v. *Rogers,* 139 Mass. 146. *Butler* v. *Directors of the Port of Boston,* 222 Mass. 5, 8. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403, 415. *Feldman* v. *Witmark,* 254 Mass. 480, 482.

It cannot rightly be said that laches can be imputed to the plaintiff on the allegations of the bill. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 339. *Rice* v. *Merrill,* 223 Mass. 279, 281.

While the allegations of the bill are not clear beyond doubt, we think that on the whole they call for investigation of the facts and ought not to be decided upon demurrer.

*Decree reversed.*