AUGUSTO R. SOLTERO, Superintendent of Insurance, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ ET AL., Respondents.

No. 48.   Argued May 14, 1930.—Decided August 2, 1930.

*James R. Beverley, Attorney General,* and *Felipe Janer, Deputy Attorney General,* for petitioner. *José Sabater* for The Mayagüez Dock and Shipping Co., respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a petition for a writ of prohibition issuing from this court to restrain the District Court of Mayagüez from exercising jurisdiction over a mandamus proceeding insti-

tuted against the Superintendent of Insurance of Puerto Rico on the ground that the matter lies exclusively within the jurisdiction of this Supreme Court.

The Mayagüez Dock and Shipping Co. applied to the district court for a writ of mandamus directed to Augusto R. Soltero, Superintendent of Insurance, commanding him to classify the workmen in its employ under code numbers 7034 and 7317 of the Workmen's Accident Compensation Insurance Manual.

The sixth paragraph of the petition for mandamus reads as follows:

"That the respondent, in his capacity as Superintendent of Insurance of Puerto Rico, has adopted certain rules and has followed the Workmen's Compensation Insurance Manual and the rules, classifications, premiums and rates established therein, and, without making any distinction between the groups of workmen employed by the company, namely, those who work in lighters and those who work on the docks, on shore, with their hands and with wheel-barhows only, has applied to the workmen employed by the petitioner manual or code number 7309, which refers to all kinds of longshoremen, and as a result of such classification the Superintendent has compelled the petitioner to pay into the state fund for the insurance of its workmen the sum of $3,701.26 for the fiscal year 1928–1929."

And the eighth paragraph sets forth:

"That the respondent has exceeded his authority as Superintendent of Insurance and has abused his discretion in applying to the petitioner, notwithstanding its opposition and protests, number 7309 of the manual or code, as is shown by the following:

"(a) Number 7309 of the manual which has been applied by the Superintendent refers to all kinds of longshoremen, and the operation of loading and unloading is another thing which is strictly done by hand and with wheel-barrows, without the use of cranes or slings or any other machinery; and the workmen in lighters; and the Superintendent, in equity and justice and in harmony with the spirit of the law, should adopt the lowest rate, and in the case of the petitioner he ought to differentiate between the plaintiff's workmen, who work in lighters alongside of the ships in the harbor of Mayagüez,

and those who work ashore or on the docks and are independent of the others.

"(b) As a consequence of the unjust classification made by the Superintendent the petitioner is compelled to pay $7.51 for each $100, that is, he has applied to the petitioner the highest rate, without taking into account that there is no serious risk in the work done for the petitioner and that there does not exist any justification or reason whatever for applying the highest rate in the case of the petitioner.

"(c) The Superintendent should classify the lightermen who carry goods from the dock to the side of the ships and vice versa under code number 7034, the rate for which is $2.80 per $100, and the laborers and workmen who work ashore on the dock without machinery of any kind, but only by hand and with wheel-barrows, under number 7317, the rate for which is $2.32 per $100."

An alternative writ was issued and the respondent pleaded, among other things, want of jurisdiction of the district court to take cognizance of the proceeding. That court decided the question as follows:

"This cause having been brought on to be heard this 31st day of March, 1930, on motion of the petitioner to strike out parts of the answer, José Sabater, Esq., appearing as counsel for the petitioner and José R. Gelpí, Esq., district attorney in representation of the Attorney General, for the respondent, who in open court and verbally interposed a general demurrer for want of jurisdiction of this case by this court in that, according to section 27 of Act No. 85, known as the Workmen's Accident Compensation Act, this court has no jurisdiction of this case. The court, after hearing the arguments of the district attorney and of counsel for the petitioner on the demurrer, forthwith decided to overrule, and does hereby overrule, the said demurrer on the following grounds:

"Section 27 of the Workmen's Accident Compensation Act reads as follows:

" 'The insurer shall file with the Superintendent of Insurance of Puerto Rico its classifications of risks and premiums relating thereto, which shall not take effect until approved by the Superintendent as adequate and reasonable for the risks to which they respectively apply; Provided, That upon petition of the insurer or other party aggrieved, the ruling of the Superintendent shall be subject to review by the Supreme Court of Puerto Rico. The Superintendent may

withdraw his approval of the license issued to any insurance company to transact the business of workmen's compensation, and no policy issued by said companies shall be effective until approved by the Superintendent of Insurance.'

"Construing this section of the act and bearing in mind its purpose as regards the insurance of workmen against accidents, the court reaches the conclusion that this is not a case involving objected rulings made upon classifications of risks filed by insurers with the Superintendent of Insurance, in general terms, which is the case subject to review by the Supreme Court of Puerto Rico on motion by the insurer or an aggrieved party. This is a case where acceptance is made of the ruling of the Superintendent, but the petitioner is in disagreement as to the application thereof made by the Superintendent to the particular business or undertaking of the plaintiff corporation with respect to the premiums to be paid by the plaintiff for the insurance of its workmen.

"Therefore, as the present case does not refer to the establishment of a standard regarding the rulings of the Superintendent in accordance with the risks to which they should apply by virtue of the proposed classifications, in compliance with section 27 of the said Act this court has jurisdiction of this case and overrules the demurrer based on want of jurisdiction."

Thereupon the Superintendent of Insurance petitioned this Supreme Court for a writ of prohibition. A preliminary writ having been issued, both parties were heard and granted ten days to file briefs. Only the Superintendent of Insurance filed one.

As many be seen from the opinion of the district judge which we have transcribed, this case hinges upon the construction to be given to the proviso of section 27 of Act No. 85, known as the Workmen's Accident Compensation Act, approved May 14, 1928, as follows, according to the Spanish text:

"*Disponiéndose*, que a petición del asegurador o de parte agraviada las reglas del Superintendente estarán sujetas a ser revisadas por la Corte Suprema de Puerto Rico."

The English text reads thus:

"*Provided,* That upon petition of the insurer or other party aggrieved, the ruling of the Superintendent shall be subject to review by the Supreme Court of Puerto Rico."

At first view, the Spanish text lends itself to the construction given to it by the district judge; but the English text, the precedents and the jurisprudence, the fact that there is no provision in the Act for any other relief against the decision of the Superintendent, and a careful examination of the reasoning of the district court lead us to the inevitable conclusion that exclusive jurisdiction of such cases belongs by the express provision of the law to this Supreme Court.

The petitioner contends that the English text should prevail in the judicial construction, because Act No. 85 was an adaptation for Puerto Rico of the Massachusetts statute, citing in support of his contention section 1 of Act No. 8, to determine rules of legal construction in cases of discrepancies between the Spanish and English texts of any law, approved March 12, 1917 (Session Laws, Vol. II, p. 210).

We think it is true that Act No. 85 is derived from a statute of one of the States of the Union and, therefore, the English text should prevail, in which case the words "rulings of the Superintendent" have a much wider meaning than the words "rules (*reglas*) of the Superintendent"; and the decision of the Superintendent to which reference is made in the sixth and eighth paragraphs of the petition for mandamus of the Mayagüez Dock & Shipping Co., above transcribed in this opinion, is clearly a ruling of the said Superintendent and subject only to review by this Supreme Court. We agree with the petitioner that there is involved here a proceeding for review similar to that available before the district courts against the decisions of the Industrial Commission under section 15 of Act No. 85 of 1928. We can not understand why in one case the Legislature chose the district courts and in the other the Supreme Court; but the fact is that it did so expressly, and while the law subsists it must be enforced literally.

Although, new legislation being involved, the adjudicated cases are not very numerous, the petitioner has cited that of *Brest* v. *Commissioner of Insurance,* 169 N. E. 658–659, from which it seems proper to transcribe the following:

"The power and duty of the court with respect to petitions of this nature are prescribed in St. 1929, c. 166 (amending earlier statutes) in these words: 'Any person or company aggrieved by any action, order, finding or decision of the commissioner under this section may,' within a specified time, 'file a petition in the supreme judicial court for the county of Suffolk for a review of such action, order, finding or decision. . . . The court shall have jurisdiction in equity to modify, amend, annul, reverse or affirm such action, order, finding or decision, shall review all questions of fact and of law involved therein and may make any appropriate order or decree. The decision of the court shall be final and conclusive on the parties.' These words do not mean that by simple petition without more parties are entitled to ask the court to review the whole field covered by the commissioner and make its own finding. They import into the procedure for review the main features of equity pleading and practice. G.L. c. 214, sec. 12. The bill must contain allegations setting out with certainty, brevity and adequate degree of particularity the grounds upon which relief is sought. If in cases like the present findings of fact made by the commissioner are attacked, there must be set out in the bill specifications of the findings and the grounds of alleged error. ' "Every material fact necessary to entitle the plaintiff to the relief prayed for must be contained in the stating part of the bill." "This part of the bill must contain the plaintiff's case, and his title to relief; and every necessary fact must be distinctly and expressly averred, and not in a loose and indeterminate manner, to be explained by inference, or by reference to other parts of the bill." ' Stevens v. Hayden, 129 Mass. 328, 332; Barlett v. New York, New Haven & Hartford Railroad, 221 Mass. 530, 539, 109 N. E. 452; Boston v. Treasurer and Receiver General, 237 Mass. 403, 415, 130 N. E. 390; Cram v. Cram, 262 Mass. 509, 513, 160 N. E. 337. Under St. 1929, c. 166, it would have been open to the plaintiff by appropriate allegations to attack the findings of fact made by the defendant. Such findings are not assailed by the allegations of these bills. Those findings must be accepted as true. Therefore it is unnecessary to discuss the meaning and scope of the 'review' vested in the court by said chapter 166. See Swan v. Jus-

tices of Superior Court, 222 Mass. 542, 547, 548, 111 N. E. 386; Mayor of Medford v. Judge of District Court, 249 Mass. 465, 471, 144 N. E. 397.''

By virtue of all the foregoing, and as we do not consider sufficient the grounds urged in support of the jurisdiction of the District Court of Mayagüez, that court is hereby ordered to refrain definitely from taking further cognizance of the said mandamus proceeding for. want of jurisdiction.

Mr. Justice Texidor took no part in the decision of this case.